### JONATHAN H. STEVENS AND OTHERS *vs.* THE TOWN OF NORFOLK.

If all the tenants in common of a tract of land, give conveyances at different times by metes and bounds to the same person of the same part of the land, the conveyances taken together pass the title.

And the same principle applies where the several interests of tenants in common in a part of the land held in common are taken, at different times, by compulsory proceedings, for public use.

Whether, where a competent court had decreed that a town should take a piece of land for a cemetery, and the town had deposited its money for the damages, a petition of the land owners for an injunction would be entertained, when they were before the court in the former proceedings, and could have made the same questions now made: *Quære.*

PETITION for an injunction; brought to the Superior Court in Litchfield County, and heard before *Sanford, J.* Facts found and petition dismissed, and motion in error by the petitioners. The case is sufficiently stated in the opinion.

*H. B. Graves* and *H. P. Lawrence*, for the petitioners.

*G. C. Woodruff* and *C. B. Andrews*, for the respondents.

LOOMIS, J. In the year 1872 Jonathan H. Stevens and Louise P. Stevens, two of the petitioners, were tenants in common of a farm of seventy acres situated in the town of Norfolk, subject to the right of dower of their mother, Daziah H. P. Stevens, the other petitioner, whose dower had never been assigned. One portion of this farm consisted of a lot of three acres and ninety-six rods, adjoining the public cemetery belonging to the town, and separated from the rest of the farm by a highway. It being necessary to enlarge the cemetery, the town desired to annex for that purpose the adjoining lot of the petitioners, and instituted legal proceedings in order to obtain it. But instead of joining all the co-tenants as respondents in one and the same petition, which would have been more appropriate, the town first brought its petition against Jonathan H. Stevens alone, upon the supposition that he was sole owner, and after a protracted litigation

both in the Superior and Supreme Court, succeeded in obtaining a final decree condemning all right, title and interest of the said Jonathan H. in the lot for the use aforesaid. Afterwards, in the year 1876, the town, in order to complete its title, brought its petition against the said Louise P. Stevens and Daziah H. P. Stevens, the two other tenants, and after a full hearing obtained a final decree taking all their right and interest in the same land for the same purpose. In each of these proceedings the present petitioners, who were then respondents, severally appeared and resisted the applications; but upon final decrees being had against them, no steps were taken by any of them by writs or motions in error to reverse or vacate the judgments. But Jonathan H., in the year 1874, brought his petition in equity to enjoin the town from taking possession of the lot, founded on an alleged subsequent agreement with the town whereby the land was equitably released to him, but in the petition it was conceded that the effect of the former decree was to vest the legal title in the town. This petition was dismissed by the Superior Court, which was held to be no error by the Supreme Court.

In July, 1877, after the town had taken possession under the several decrees in its favor, and had deposited the money for the land damages, the present petition was brought, praying for an injunction to prevent the town from converting the lot into a place of burial. The Superior Court dismissed the bill after full hearing, and the petitioners by motion in error now seek to reverse the decree, upon the sole ground that the land taken, being held by the petitioners as tenants in common, could not be taken and condemned for public use as a place of burial, unless by one preceeding in which all the tenants were joined.

The petitioners upon the record as above referred to, at the outset are confronted with the question whether an injunction can be allowed in their favor to prevent the respondent from taking what the courts in the former proceedings had decreed the town might take, and on the faith of which it had paid or deposited its money for the damages; in which proceedings all the present petitioners were fully heard, and either actually

made or had opportunity to make the same questions as are now raised by this petition, and, having then adequate remedy at law, made no use of it to have the former decrees vacated and set aside for the reason now alleged. For the purposes of this case we will waive a discussion of the above question, because we consider that there is no ground for the petition on its merits.

The legal authorities relied upon by the petitioners to show that proceedings in severalty against the tenants could vest no title in the town to the lot in question, are those cases which lay down the principle that one tenant in common cannot sell, convey or incumber a part of the joint estate by metes and bounds.

But the argument in behalf of the petitioners fails to state and apply the important qualifications of the rule. A deed by one tenant in common is not absolutely void, but is good and effectual as against himself and all persons claiming under him. In *Hartford & Salisbury Ore Co.* v. *Miller*, 41 Conn., CARPENTER, J., in giving the opinion of the court on page 132, says:—"In view of the authorities in this state and elsewhere, we think the true doctrine to be, that a deed by one tenant in common of a part of the common property by metes and bounds is inoperative as against the other tenants, but if the co-tenants, then or subsequently, by a suitable conveyance confirm the grant, the grantee still holding under his deed, it becomes, in effect, operative and binding upon all concerned."

The reason why a deed by one tenant is inoperative as against his co-tenant, is simply that such conveyance impairs the rights of the latter in respect to partition. Instead of giving him his share together in one parcel, by a single partition, it might require several partitions and compel him to take his share in as many distinct parcels.

In the light of this reason, and of the principle that each tenant's deed is good and effectual against himself, it will be seen that if all the tenants in common give deeds at separate times of their respective interests in the same portion of the

joint estate by metes and bounds to the same person, the title must of necessity be good as against them all.

Now it is conceded by the petitioners that we may apply the principle drawn from the analogy of deeds to the proceedings to take land for public use, and so we may regard the several proceedings as compulsory conveyances in each case, and give the same effect to them as to so many separate deeds. We therefore conclude that the proceedings first had against Jonathan H. Stevens, as against himself took all his right and interest in the whole tract, which however was inoperative against the other two tenants; but when by subsequent proceedings against them all their right and interest in the whole of the same tract was in like manner taken, the proceedings were no longer inoperative against any of the petitioners, and the title became perfect in the town against them all.

There was no error in the decree complained of.

In this opinion the other judges concurred.