## JOHN K. SUMNER v. ELIAS L. JONES.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED NOVEMBER 7, 1914.                    DECIDED DECEMBER 24, 1914.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE WHITNEY, IN PLACE OF QUARLES, J.

EQUITY—*finding of trial judge—weight.*
On an appeal in an equity case the findings of fact made by the circuit judge are not binding on the supreme court, but where the findings rest upon the credibility of witnesses and the weight of oral testimony, and inferences to be drawn from such testimony, and involve the consideration of opinion evidence, the findings of the judge who saw and heard the witnesses are entitled to much weight.

PRINCIPAL AND AGENT—*transactions between—conveyance by principal to agent.*
The rule that an agent to sell property may not sell it to himself is not involved in a transaction whereby the principal himself conveys property to his agent.

SAME—*conveyances from principal to agent closely scrutinized—application of rule.*
Gifts procured by agents and purchases made by them from their principals will be closely scrutinized, and an agent may purchase property from his principal only where he acts in entire good faith and makes full disclosure of all facts within his knowledge affecting the value of the property. The reason for the rule does not apply, however, where there was no prior confidential relation and the execution of a power of attorney creating the relation and the making of a conveyance of property are parts of one transaction. In such a case, it not appearing that the agent possessed any information concerning the property not possessed by his principal, there being no misrepresentation, concealment, or undue influence on the agent's part, nor mental incapacity on the part of the principal, a deed conveying property to him will not be set aside though the consideration was inadequate.

OPINION OF THE COURT BY ROBERTSON, C.J.

The plaintiff appeals from a decree of the third judge of the circuit court of the first circuit dismissing a bill in equity

brought to set aside a deed executed by the plaintiff on the 15th day of July, 1911, purporting to convey to the defendant certain lands and other property. The grounds for the relief sought were the alleged fraud and undue influence on the part of the defendant, inadequacy of consideration, and mental incapacity on the part of the plaintiff. Undue influence on the part of one party to a transaction and mental incapacity on the part of another are inconsistent grounds for relief inasmuch as a claim that the one party acted under the domination of the other in effect presupposes the requisite legal capacity in the one. See *de Souza* v. *Soares,* 21 Haw. 330, 333. However, when this case was last before this court we held that the averments as to undue influence had not been sustained by the proofs. The case was then remanded to the circuit judge with instructions to reopen it for the purpose of considering such testimony as to the plaintiff's mental condition at the time of the execution of the deed as might be offered, there having been offers of such testimony at the first hearing. Ante, p. 23. The case was, accordingly, reopened and testimony offered on behalf of the plaintiff was admitted and considered. The circuit judge found that the plaintiff, at the time of the execution of the deed, thoroughly understood the nature thereof, and was mentally competent to execute the same; that no evidence had been adduced to prove to his satisfaction that the plaintiff, by reason of age or otherwise was incapable of entering into such a contract; and that the averments of the bill to that effect had not been proven.

In our former opinion we said "There is some evidence in the record which we think tends to show mental weakness on the part of the plaintiff at or before the time of the transaction in question, and it may be that upon the record before us we would be justified in holding that the deed ought not to be allowed to stand." The statement had reference to the improvident character of the transaction and the manner in which the plaintiff proceeded to bring it about coupled with the manner

in which the plaintiff testified at the hearing. Under cross-examination he was argumentative, evasive and petulant, and he went so far as to deny that he signed the deed which it is sought to have cancelled. But it is not certain that this was due to mental weakness. It appeared in evidence that before executing the deed the plaintiff had had it read to him by a disinterested business man and the same is true in regard to the power of attorney which will be referred to. The testimony adduced at the second hearing added but little light to the situation. One witness who "had charge of his affairs with him" (Sumner) for about three years from 1904 to 1907, testified that he "always felt that he needed somebody to assist him and to manage his affairs with him." Another witness testified that in her opinion the plaintiff was not competent to transact business affairs nor capable of protecting himself in any matter involving his property. This opinion was based on the fact that some five or six years previously the plaintiff had offered to give the witness a piece of land of which he had lost possession, and his title to which was defective or difficult of assertion; that he had proposed going into the taro business with her though he had no money to put into the business; and that he had consulted her and sought her assistance with a view to acquiring a tract of land upon which he proposed to settle some families he desired to bring to this Territory from Tahiti, though he did not have the capital necessary to carry out the project. Another witness who expressed a similar opinion based it upon the fact that the plaintiff was extravagant, and spent his money, when he had any to spend, improvidently or put it into ventures that did not pay. And another witness who had known the plaintiff for about twenty years was of the opinion that the plaintiff was "deficient from old age." Two reasons were assigned for this opinion, one being that about four or five years ago the plaintiff had said to the witness that a certain piece of land forty by sixty feet in size would be a nice site for a hotel; the other was that "every time he has a man to look after his property he

has always said now he has a good man that will not rob and steal from him, and in a very short time they would be changed and he would get rid of them."

Whether the evidence would have warranted a finding that the plaintiff lacked mental capacity sufficient to make a valid deed we need not say. On an appeal in an equity case the findings of fact made by a circuit judge are not binding on this court, but there is a presumption that the case was correctly decided, and where the findings rest upon the credibility of witnesses and the weight of oral testimony, and inferences to be drawn from such testimony, and involve the consideration of opinion evidence, the findings of the judge who saw and heard the witnesses are entitled to much weight. Mr. Sumner's affairs have been the subject of litigation in several previous cases. At one time he was adjudged to be insane but the adjudication was vacated. See *Kellett v. Sumner,* 15 Haw. 76, 79. The validity of the deed involved in this case must, however, be determined upon the showing made in this case, and, upon the record before us, we can find no sufficient reason for reversing the findings made by the circuit judge.

On behalf of the plaintiff it is contended that the relation of principal and agent which existed between the plaintiff and defendant at the time of the execution of the deed in question tainted the transaction with a legal presumption of fraud which rendered the deed voidable at the option of the grantor. It was shown by the evidence that on June 16, 1911, the plaintiff gave to the defendant a power of attorney authorizing him to "ask, demand, sue for, recover, collect and receive all rents and sums of money due and to become due hereafter on all my property situated in the Territory of Hawaii and belong to and owned by me, with full power and authority to sell, lease or rent the same." It is urged that the relation thus created between the parties was a fiducial one; that a trustee cannot occupy the dual position of buyer and seller; and the rule is invoked that an agent to sell property may not sell it to him-

·self. But here the defendant did not occupy ·such dual position. He did not sell it to himself. His principal conveyed to him. A different rule applies. "As a general rule an agent is not permitted to enter into any transaction with his principal on his own behalf respecting the subject-matter of the agency unless he acts with entire good faith and without any undue influence or imposition, and makes a full disclosure of all the facts and circumstances attending the transaction. * * * In accordance with the above rule all gifts procured by agents and purchases made by them from their principals should be closely scrutinized; and an agent can purchase property from his principal only where he acts in good faith and makes a full disclosure of all facts within his knowledge affecting the value of the property. * * * But where the agent makes a full disclosure of all the facts and acts honestly and in good faith, a purchase by him will be upheld; and a deed of gift by the principal to the agent will be good if there is no improper influence or conduct on the part of the agent in procuring it." 31 Cyc. 1442, 1444. *Burke* v. *Bours,* 98 Cal. 171, 176; *Rochester* v. *Levering,* 104 Ind. 562, 568; *Fisher's Appeal,* 34 Pa. St. 29, 31; *Kerby* v. *Kerby,* 57 Md. 345, 350; *Adair* v. *Craig* (Ala.) 33 So. 902. In *Ralston* v. *Turpin,* 129 U. S. 663, a gift from a principal to his agent was sustained. And if a principal may ·convey property to his agent without consideration, it logically follows that he may convey it upon a consideration less than its full value. The reason why gifts and sales from principal to agent are viewed with suspicion and closely scrutinized by the courts is that the nature of the relationship between the parties is such that the agent has probably secured the complete confidence of his principal and, during the continuance of the agency, has very likely acquired a better knowledge of the condition and value of the property than the principal possesses, and may take advantage of the principal. That reason does not apply in the case at bar. The evidence shows no relation of trust and confidence existing between these parties before the

plaintiff offered to convey the property to the defendant. When the offer was made the defendant took it under consideration, and in order that he might look into the matter and ascertain what property the plaintiff had to convey, he suggested that the plaintiff should give him a power of attorney which would enable him to obtain from plaintiff's former agent the title papers pertaining to the property. That was done, and though the document was so worded as to give the defendant additional powers, including the power of sale, there is no evidence that, beyond receiving from the former agent the money in his hands belonging to the plaintiff, which was paid over to the plaintiff, any of those powers were exercised. Under these circumstances the execution of the power of attorney and the deed may well be regarded as parts of one transaction. No claim has been made that during the time which elapsed between the date of the power of attorney and that of the deed the defendant became possessed of any information relative to the property which was not previously possessed by the plaintiff. There was no misrepresentation, concealment, undue influence or other element of fraud. Upon the doctrine of the authorities cited the conveyance should be upheld.

The decree appealed from is affirmed.

*Lorrin Andrews* for plaintiff.

*Holmes, Stanley & Olson* for defendant.