IN THE MATTER OF THE APPLICATION OF MI-
CHIO YAMAGUCHI AND YURI YAMAGUCHI TO
REGISTER TITLE TO REAL PROPERTY.

NO. 2832.

ARGUED SEPTEMBER 3, 1952.         DECIDED DECEMBER 11, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

Writ of error is prosecuted from a decree of the land
court awarding an easement in the form of a roadway to
the defendants in error and others.

The facts pertinent to the issue presented were that
William Charles Achi (hereinafter referred to as William
Charles Achi, Sr.) was granted registration of a 40.22
acre parcel of land at Lualualei, Oahu, in 1925. Eight
months thereafter he applied for subdivision of a portion
of the registered acreage, i. e., the makai 5.81 acres abutting
upon Farrington highway. The order granting the sub-
division divided this makai portion into lots number 1 to
number 38 inclusive. In addition to these lots, the map
filed with the application for subdivision also delineated

a narrow cross-shaped portion of land containing an area of 58,661 square feet intersecting the subdivided area. This parcel was undesignated as to ownership and was not numbered, marked, or otherwise identified.

The thirty-eight lots so subdivided were of a uniform size and area, fifty by one hundred feet, except lots number 19 and number 20 which were slightly wider but of the same depth. Nineteen of the lots fronted and abutted upon Farrington highway. The remaining nineteen adjoined these directly to their rear, and corresponded to the front lots in size and area but without access to said highway; nor did the proposed subdivision map or the order approving the subdivision bear any notation or reference to highway access for the rear lots.

The undesignated, unnumbered, cross-shaped area consisted of two parcels forty feet wide. One parcel extended the entire width of the thirty-eight subdivided lots and abutted on the rear nineteen lots parallel to the highway. This parcel was bounded by the rear lots on the makai and the unsubdivided 34.41 acres on the mauka. It was bisected by the second unnumbered, undesignated strip which extended from the highway two hundred and sixty feet onto and into the undivided mauka parcel now owned by the defendants in error. These two parcels constitute the area referred to as the unnumbered, undesignated, cross-shaped area upon the maps.

In 1928 the mauka (unsubdivided) portion comprising 34.41 acres of the original application was conveyed by William Charles Achi, Sr., to Nanakuli Farm, Ltd., which in 1929 conveyed to State Savings and Loan Association. In 1945 that association conveyed to the defendants in error who now assert the easement for roadway purposes.

The plaintiff in error asserts an unencumbered title in lots number 39, number 40, number 41, and number 42 through the following mesne conveyances: In 1925 follow-

ing the original registration and subdivision, William Charles Achi, Sr., conveyed lots number 1 to number 38 inclusive, comprising the entire makai subdivided area of 5.18 acres including: "roadways containing an area of 58,661.0 square feet" to William Charles Achi. In 1932, the administrator of the estate of William Charles Achi conveyed lots number 1 to number 20 inclusive, number 23, number 24, number 27 to number 34 inclusive, number 37, and number 38, together with "roadways," to Caroline Johnson Robinson. In the interim certain of the thirty-eight subdivided lots were conveyed to others. In 1946 the trustees of the estate of Caroline Johnson Robinson, deceased, conveyed the lots previously conveyed to their decedent, together with "roadways," to plaintiff in error. In 1948 plaintiff in error applied for and was granted subdivision of the unmarked, undesignated, unnumbered, cross-shaped parcel which had theretofore in all of the mesne conveyances been referred to as "roadways," into lots number 39, number 40, number 41, and number 42.

The proceeding below was instituted when the defendants in error, as owners of the mauka unsubdivided portion of the original parcel, sought to register an easement in the form of a roadway over the newly subdivided lot number 40.

Plaintiff in error's contentions resolve themselves into one issue: Whether lots number 39, number 40, number 41, and number 42, being the unmarked, undesignated, cross-shaped parcel, was deeded in all of the mesne conveyances as an unencumbered fee; or did it constitute, as designated in all of the mesne conveyances, an easement in the form of "roadways," for access to the eighteen rear lots and to the mauka unsubdivided portion?

Whether the undesignated, cross-shaped parcel (now constituting lots number 39, number 40, number 41, and

number 42 as subdivided) was in fact intended as a "road-way," and by implication delineated as such upon all of the maps filed in the land court, is determinative of the question. Sufficient of the material facts are recited *supra* to resolve the issue.

It is settled in this jurisdiction that where the owner in an application for subdivision lays out and delineates streets upon a map not for purposes of description or location but for the purpose of establishing private streets, and thereafter conveys the subdivided lots with reference to such map, he thereby creates by implication a private easement in favor of all of the owners of lots fronting upon the streets. (*Paterson* v. *Rush,* 34 Haw. 881, 889, 890.)

In *Territory* v. *Ala Moana Gardens et als.,* 39 Haw. 517, this court determined the effect of dedication by implication in similar circumstances. We are of the opinion that the identical principle is applicable to the issue now before us. "That such maps and plans duly recorded and the sale of lots based on these plans constitute a dedication, particularly when adopted by public officials, is well settled; nor need the streets dedicated by such plat for sale be opened immediately but may be opened by the proper local authorities at such time as the public interest may require, and of this the local authorities are the judges." (*Territory* v. *Ala Moana Gardens, supra,* at p. 520 and authorities cited.)

In *Morrow* v. *Richardson,* 278 Ky. 233, 128 S. W. [2d] 560, 562, wherein the court was confronted with a similar problem, it was held: "Ogden sold the lots in his subdivision bounded by these streets shown on his recorded plat. This amounted to an immediate dedication of such streets to the use of the purchasers of the lots and of the public, although the streets were not actually opened and there had been no acceptance by the city. Acceptance is

material where it is sought to hold the city liable for failure to maintain the streets in reasonable repair, but this is not that kind of case."

Applying the foregoing principles to the facts presented by the record before us, when the area was originally subdivided and the subdivision map contained the unmarked, undesignated parcel bearing the appearance of a roadway though not so designated, a dedication by implication thereby occurred. The parcel we find not only to have been intentionally set aside for roadway purposes but also being referred to as such, was so intended in all of the subsequent conveyances and in all of the maps. The applicant in the first conveyance following subdivision conveyed thirty-eight lots and "roadways containing an area of 58,661.0 square feet." All mesne conveyances included the word "roadways," obviously, in our opinion in the circumstances, referring to the parcel in question.

In addition there was uncontroverted kamaaina testimony in the proceeding below that the parcel in question had been used for roadway purposes since the time of the original subdivision; that on at least three occasions coral fill had been placed upon that portion of the parcel being so used to render it passable; that the parcel was used for roadway purposes by the purchasers of the mauka unsubdivided parcel, the owner of lot number 21 and by the general public who entered her place of business located upon said lot number 21; and that this was continued uninterrupted until subdivision of the cross-shaped parcel was accomplished by plaintiff in error who placed a house resting upon metal kegs across the roadway obstructing it to vehicular traffic.

The result of the subdivision placed all grantees of the mauka unsubdivided parcel in the same status as the original applicant William Charles Achi, Sr., with regard to access to the remaining portion of the original lands

registered. By the subdivision of a portion only of the entire tract and the delineation of the "roadways" onto and into the mauka unsubdivided portion, it was obviously the intent of the original applicant to preserve access to the mauka portion both for himself and all subsequent grantees.

We find it to have been the intention of the original registrant as well as all of the grantors in all conveyances to create an easement upon and across the parcel in question for use of the purchasers of the rear lots, as well as the purchasers of the remaining undivided portion of the original parcel for roadway purposes.

The decree so finding is affirmed.

*H. Y. C. Choy* (*Fong, Miho, Choy & Chuck* with him on the briefs) for plaintiff in error.

*T. Suyenaga* (also on the brief) for defendants in error.