IN THE MATTER OF THE GUARDIANSHIP OF TADASHI MATSUOKA, AN INCOMPETENT PERSON.

No. 4147.

MAY 19, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, JJ., CIRCUIT JUDGE CROCKETT ASSIGNED BY REASON OF VACANCY, AND CIRCUIT JUDGE HAWKINS IN PLACE OF LEWIS, J., DISQUALIFIED.

84

OPINION OF THE COURT BY CIRCUIT JUDGE CROCKETT.

This matter is before this court on appeal from an order of the trial court finding the appellant (respondent in the court below) to be incompetent to the extent that his mental condition would cause him to use his money injudiciously, and upon such finding, appointing the Chief Clerk, First Circuit Court, as guardian of his estate.

The petition filed under the provisions of Chapter 339, Revised Laws of Hawaii 1955, by an officer of the Disabled American Veterans, alleged that respondent, a veteran, was entitled to a Veterans Administration disability pension at the rate of $66.15 per month and that there was an accumulated sum of approximately $100.00 then due; that the nearest relatives of the respondent were a wife and three daughters (minors) residing in Japan, a mother, brother and sister, residing in Honolulu; that a duly appointed Rating Board of the Veterans Administration had found respondent to be incompetent.

Attached to the petition was a "Certificate of Incompetency," by the Chief Attorney, Veterans Administration, which recited that "Tadashi Matsuoka is a beneficiary of

the Veterans Administration; that said beneficiary has been rated incompetent by the Veterans Administration on examination dated August 22, 1958, in accordance with the laws and regulations governing said Administration and that the appointment of a guardian is a condition precedent to the payment of any moneys due said beneficiary by the Administration."

Respondent appeared personally at the hearings on the petition and was also represented by counsel, a Deputy Attorney General, appointed by the trial court as guardian ad litem. The record shows that respondent testified in his own behalf and called as a witness Dr. Leo W. Miller, M.D., Clinical Medical Director, Mental Health Clinic, Department of Health; that he also introduced into evidence a bank statement showing the manner in which he had spent the greater portion of his pension money during the previous 10 months, *e.g.,* by purchasing bank drafts which from February to November, 1958, he regularly sent to his wife in Japan for the support of herself and family.

Notwithstanding the provisions of R.L.H. 1955, § 339-7, that the certificate of incompetency "shall be prima facie evidence of the necessity" for the appointment of a guardian, Dr. Solomon Meyerson, Psychiatrist and Neurologist with the Veterans Administration, was called to testify as a witness for the petitioner.

At the conclusion of the hearings, the court ruled that the respondent was incompetent by reason of his suffering a mental illness, and that such condition would cause him to use his money injudiciously unless controlled by guardianship.

Appellant sets forth as the basis of his appeal, five points, the first three of which may be summarized into one, to wit, that the evidence is insufficient to sustain the findings of the trial judge.

The issue in the court below was whether appellant-respondent was competent to judiciously use the money which he was receiving from the Veterans Administration. The decision of the Rating Board of the Veterans Administration as appears from the certificate of incompetency filed with the petition was that he was not competent so to do, and that the appointment of a guardian was a "condition precedent" to the payment of any moneys by the Veterans Administration.

The record presented to this court shows that both of the medical men who had examined respondent as to his mental condition testified that they found him to be mentally ill. The opinion of Dr. Meyerson called by the Veterans Administration was that he was "a spendthrift in the sense he's wasting a lot of potential economic energy and resources for purposes which were not useful."

Respondent himself testified and submitted evidence tending to show that he had expended his pension money prudently and judiciously. He particularly relied upon a letter from the Branch Manager of Bishop National Bank, showing that for the immediate prior 10 successive months he had purchased and forwarded bank drafts to his wife in Japan, not less than $54.00 monthly, out of the $66.15 pension he was receiving. Except for his own testimony, this was the only evidence in contradiction of the medical men. Dr. Miller, a witness called by respondent, testified that from an examination made by him and his three clinical staff members, he likewise found respondent to be mentally ill.

From his appearance in this court where appellant personally argued and presented his own appeal, there might be an inclination to wonder why he was considered incompetent to handle his own moneys and funds "judiciously." However, this is an appellate and not a trial court. Unless the record shows clear error or unequivocal abuse

of judicial discretion on the part of the trial judge, his decision will not be disturbed.

The situation here is similar to that in *Sumner* v. *Jones,* 22 Haw. 391, where the court said: "Whether the evidence would have warranted a finding that the plaintiff lacked mental capacity sufficient to make a valid deed we need not say. On an appeal in an equity case the findings of fact made by a circuit judge are not binding on this court, but there is a presumption that the case was correctly decided, and where the findings rest upon the credibility of witnesses and the weight of oral testimony, and inferences to be drawn from such testimony, and involve the consideration of opinion evidence, the findings of the judge who saw and heard the witnesses are entitled to much weight."

This is clearly a case where this court must give great weight to the conclusions and findings of the trial court and in the absence of clear and convincing evidence to the contrary, should approve and sustain its decision. The question here is not so much appellant's general mental condition, but whether the mental illness, which he himself has admitted, impairs his ability to handle judiciously the moneys to be paid him by the Veterans Administration as a pension. There is more than sufficient competent and credible evidence to support such decision and this court is not left with such "definite and firm conviction" that a mistake has been committed by the trial court as to warrant and justify the setting aside of its findings. (*Miller* v. *Loo,* 43 Haw. 76.) In fact, it can well be said that considering the determination of incompetency by the Veterans Administration Rating Board, and the rule "that the appointment of a guardian is a *condition precedent* to the payment of any moneys" to respondent by the Veterans Administration, the appointment of a guardian is for his best welfare and interest. His efforts

perhaps should properly be directed to a review of that determination by the Rating Board or other reviewing authority of the Veterans Administration.

Appellant further contends that he was not properly nor adequately represented by his guardian ad litem. This is a question that cannot be raised *ab initio* in this court, but the record should show that it was first raised and brought to the attention of the court below. Not only does the record fail to show that this question was properly raised and brought to the attention of the trial judge, but such record as is before the court, fails to present any basis for supporting the contention that the guardian ad litem did not exercise due diligence or that he was lacking in attending to and protecting the interest of respondent. The sole dereliction pointed out in appellant's brief is "that guardian ad litem * * * approved Order Appointing Guardian and Granting Allowance to the adverse interest of appellant." The record shows that the order referred to was "Approved As To Form" by the guardian ad litem. Such approval is not necessarily an approval as to content and cannot be considered on its face as being prejudicial to the interest of appellant-respondent or injuriously affecting any substantial right.

In the case of *In Re Ward*, 39 Haw. 39, 46, it was held that "The general rule is that an appellate court will consider only such questions as were raised and properly preserved in the lower court. * * * That rule applies to these particular questions unless this court is of the opinion that any of the alleged errors or alleged abuses patently appear on the record as a manifest error injuriously affecting substantial rights of the appellants * * *."

The final point raised by appellant is that these proceedings were based upon the provisions of R.L.H. 1955, § 339-5, but that the requirements of law and the regulations of the Veterans Administration were not followed.

In support of this point, appellant cited certain regulations of Veterans Administration pertaining to the determination of incompetency or competency by its Rating Board and contends that they have a bearing on the validity or regularity of the determination made by the Rating Board as shown by the Certificate of Incompetency filed with the petition.

Under the provisions of R.L.H. 1955, § 339-7, this certificate is only prima facie evidence of the necessity for the appointment of a guardian. In other words, the determination by the Rating Board as to competency was not conclusive on the court but, if justified by satisfactory evidence otherwise, it could have been rebutted or disregarded. As it was, the court expressly went beyond the certificate in its findings and order. It expressly stated that "Upon all the evidence so adduced the court finds irrespective of the Certificate of Incompetency filed in this matter" that the respondent "is incompetent." This finding upon the evidence "irrespective" of the certificate makes the question as to the validity or regularity of the proceedings or determination of the Rating Board immaterial. Whether or not the Veterans Administration would pay the pension allowance to respondent, direct or only through a guardian, was a matter within the discretion of the Administrator and not subject to review by a state court (see Title 38, USCA, Sec. 211, re Finality of Decisions by Veterans Administration).

There being no error on any of the grounds submitted to this court, the order appointing guardian for the estate of respondent is affirmed.

Appellant pro se.

*John H. Robinson,* Chief Attorney, Veterans Administration, for the guardian.