STATE OF HAWAII *v.* LILLA MAY ROBINSON
AND BISHOP TRUST COMPANY, LIMITED,
TRUSTEES UNDER THE WILL AND OF THE
ESTATE OF JAMES LAWRENCE PREVER
ROBINSON, DECEASED, ET AL.

No. 4646.

STATE OF HAWAII *v.* LILLA MAY ROBINSON
AND BISHOP TRUST COMPANY, LIMITED,
TRUSTEES UNDER THE WILL AND OF THE
ESTATE OF JAMES LAWRENCE PREVER
ROBINSON, DECEASED, ET AL.

No. 4647.

June 27, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO, AND
ABE, JJ., AND CIRCUIT JUDGE CORBETT IN
PLACE OF LEVINSON, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

These are appeals by Elizabeth Marks and Mitchell Watson from denials of their separate motions to intervene in Civil No. 19311 of the files of the First Circuit Court, being an eminent domain proceeding brought by the State of Hawaii, as plaintiff, against 24 individuals and fiduciaries, as defendants, to acquire all of their right, title and interest in the parcels of land required for the development of Kahana Valley State Park in Kahana, Koolauloa, Oahu.

The land required for the park development consists of 60 parcels, of which Parcel 1, containing an area of 5,148.387 acres, is ahupuaa land, and the other 59 parcels, containing an area of 92.79 acres, are kuleana lands. The defendants in the mentioned proceeding own 96.90479 per cent undivided interest in the ahupuaa land, and the State alleges that those defendants own 100 per cent of the kuleana lands. Appellant Marks owns 1.66666 per cent undivided interest in the ahupuaa land. Appellant Mitchell owns 0.01763 per cent undivided interest in the ahupuaa land, and alleges that he owns Parcel 55, area 0.50 acre, of the kuleana lands.

The State did not name appellants as defendants in Civil No. 19311, for it has brought another eminent domain proceeding, being Civil No. 19338, to acquire their interests in the same parcels of land.

Appellant Marks moved to intervene in Civil No. 19311 in her individual capacity only. Appellant Watson moved to intervene in his individual capacity, and also as a taxpayer and on behalf of all taxpayers of the State of Hawaii.

Although appellant Marks moved to intervene in the court below in her individual capacity only, she raised the issue of her standing to intervene as a taxpayer in the brief she filed in this court. We need not consider that issue here because of the general rule that an appellate court will not consider any issue not raised in the trial court. *Re Guardianship of H. K. Ward,* 39 Haw. 39

(1951); *Re Guardianship of Matsuoka,* 45 Haw. 83, 363 P.2d 964 (1961); *cf. State* v. *Bunn,* 50 Haw. 351, 440 P.2d 528 (1968).

Appellant Watson claims his standing to intervene as a taxpayer under *Wilson* v. *Stainback,* 39 Haw. 67 (1951). That case does not support him. The rule stated there is that a person who has no interest in the property sought to be condemned may not sue as a taxpayer and complain that others may be hurt by an allegedly invalid governmental action. As will be shown below, Watson has no interest in the property sought to be taken in Civil No. 19311. *Bulgo* v. *County of Maui,* 50 Haw. 51, 430 P.2d 321 (1967), does not help him. There the plaintiff alleged sufficient personal interest in the controversy to entitle him to a day in court. Consequently, the court below did not err in denying Watson's motion to intervene as a taxpayer and on behalf of all taxpayers.

The right of both appellants to intervene in Civil No. 19311 in their individual capacities depends upon whether the State has the power to condemn parts of the undivided interests in the land sought to be taken for public use without taking the remaining undivided interests.

Appellants own undivided interests in the ahupuaa land as tenants in common with the defendants in Civil No. 19311. An undivided interest in common tenancy may be severed by voluntary conveyance. There is no reason why such interest may not be taken and severed in an eminent domain proceeding. *Stevens* v. *Town of Norfolk,* 46 Conn. 227 (1878); *Bowman* v. *Venice & Carondelet Ry. Co.,* 102 Ill. 459 (1882). R.L.H. 1955, § 8-5, provides: "In the taking of private property for a public use, a fee simple estate or any lesser estate may be acquired." Undivided interests in parcels of land owned in fee simple are fee simple estates.

In Civil No. 19311, the State is taking only the right, title and interest of the defendants named therein in the lands required for Kahana Valley State Park. It is not taking the interests of appellants in such lands. Thus, whatever rights or interests appellants may have in the lands will be preserved intact, and may be asserted in Civil No. 19338.

For the reason stated above, appellants may not intervene under R.L.H. 1955, § 8-19. That section limits the right to intervene to any person in occupation or having any claim or interest in the property sought to be taken or in the damages for the taking. We think that the reference therein to person in occupation means an occupant whose right to occupancy is sought to be taken. Civil No. 19311 will not disturb any person who has a right to occupancy. *Cf. Akana App'n for Writ of Mandamus,* 42 Haw. 415 (1958).

Appellants also assert their right to intervene under H.R.C.P., Rule 24 (a) (1). That rule is not applicable because there is no statute which confers upon persons in appellants' position an unconditional right to intervene.

Affirmed.

*Alan C. Kay (Pratt, Moore, Bortz & Case* of counsel) for appellants.

*T. S. Goo,* Deputy Attorney General *(Bert T. Kobayashi,* Attorney General, and *Francis M. Izumi,* Deputy Attorney General, with him on the brief) for plaintiff-appellee State of Hawaii.

*Arthur B. Reinwald (Robertson, Castle & Anthony* of counsel) for certain defendants-appellees.

*Anthony B. Craven (Frank D. Gibson, Jr.,* with him on the brief, *Henshaw, Conroy & Hamilton* of counsel) for certain defendants-appellees.