CITY AND COUNTY OF HONOLULU, a municipal corporation, Plaintiff-Appellee, *v.* MANOA INVESTMENT COMPANY, a Hawaii corporation, JOHN DOE 1 through JOHN DOE 25, inclusive, and JANE ROE 1 through JANE ROE 25, inclusive unknown heirs of KALAMAKEE, Defendants-Appellants

NO. 6180

JUNE 27, 1980

HAYASHI, C.J., PADGETT, J., AND CIRCUIT JUDGE KATO IN PLACE OF ASSOCIATE JUDGE BURNS, DISQUALIFIED

*Per Curiam.* This is an appeal by Defendant Manoa Investment Company, Inc. from the Order Granting Motion for Summary Judgment in an eminent domain proceeding brought by the City and County of Honolulu as plaintiff, awarding the sum of $1.00 as just compensation for the taking of a road easement identified as Parcel 19 in the Complaint.

Parcel 19 was owned by Defendant Manoa Investment Company, Inc., who succeeded Hirotoshi Yamamoto in ownership of the interest in Parcel 19. The City and County Master Plan, approved on July 9, 1942, and amended by Resolution 525 on November 13, 1953, set aside Parcel 19 as

part of the Woodlawn Drive-Lowrey Avenue Extension, Improvement District No. 250.

On August 18, 1964, Hirotoshi Yamamoto, then owner of the tract of land of which Parcel 19 was a portion, subdivided the tract into lots 1 through 7 and set aside Parcel 19 as part of Kanu Street and the proposed Woodlawn Drive-Lowrey Avenue Extension. Mr. Yamamoto submitted the subdivision and consolidation plan and map to the City Planning Department on October 1, 1964, and it thereafter was recorded by Mr. Yamamoto in the Office of the Registrar of Conveyances.

Subsequently, on December 22, 1964, Mr. Yamamoto conveyed Lots 1 (por.) 2, 5, 6 and 7 (por.), Lot 3 (por.) and Lot 4 (por.) to Francis Y. Wong, who in turn sold and conveyed Lots 5 and 6 to John Tek Lum and Lots 1 (por.) and 2 to Yin Tai Lum.

On or about May 4, 1967, the City adopted its Development Map Plan Sheet Pattern Layout showing Parcel 19 as a roadway and part of the Woodlawn Drive-Lowrey Avenue Extension.

On June 28, 1968, Mr. Yamamoto conveyed his interest in Parcel 19 by deed to Defendant Manoa Investment Company, Inc.

On these facts, Plaintiff City and County of Honolulu filed a Motion for Summary Judgment on the ground that Parcel 19 was impliedly dedicated as a roadway with the nominal value of $1.00 and after a hearing on November 12, 1975, the court granted the Motion for Summary Judgment.

Defendant Manoa Investment Company, Inc.'s major contention on appeal is that the trial court erred in ruling that there was an implied dedication of Parcel 19 as a roadway for public use.

In *Territory v. Ala Moana Gardens, et al.*, 39 Haw. 517 (1952), where the owner of a subdivision voluntarily set aside certain lots as streets, registered the maps thereof in the Land Court, and sold lots according to such plans which were subsequently approved by the City Planning Commission as coming under its Master Plan, the court held that the streets therein were impliedly dedicated in favor of the public for

roadway purposes and that the dedication became binding on all subsequent owners and that it was not necessary for such streets to be opened immediately for the dedication to become complete. In rendering its decision, the court stated:

However, in the present case the dedication for said purposes was made by the then owners, recorded on the land-court map, and became binding on all subsequent owners. The statute regarding land registration makes clear provision for this. (R.L.H. 1945, §§ 6638, 12641, 12644.) Its dedication was approved by the city planning commission in its plans for the development of Waikiki.

That such maps and plans duly recorded and the sale of lots based on these plans constitute a dedication, particularly when adopted by public officials, is well settled; nor need the streets dedicated by such plat for sale be opened immediately but may be opened by the proper local authorities at such time as the public interest may require, and of this the local authorities are the judges. (Elliott, *Roads and Streets*, 4th ed., Vol. 1, §§ 128, 129.) *See also, In Re Title Yamaguchi*, 39 Haw. 608; *City and County of Honolulu v. Boulevard Properties*, 55 Haw. 305 (1973).

Defendant Manoa Investment Company, Inc., argues, however, that the principle of implied dedication would be applicable to the instant case at bar if Mr. Yamamoto had voluntarily set aside Parcel 19 as a roadway, but Parcel 19 was set aside by Mr. Yamamoto in compliance with an already existing Master Plan and by statutory compulson[1] and, therefore, the principle of implied dedication is not applicable.

---

[1] RLH 1955 § 149-185. Necessity for approval of subdivisions required before registration. The planning commission shall have jurisdiction and control of the subdivision of land within the city and county of Honolulu, and no map of a subdivision of land within the city and county shall be received for recordation or filing in the office of the registrar of conveyances or the assistant registrar of the land court unless such map has been approved by the commission and such approval entered in writing on a copy or print of the map by authority of the commission.

The dedication in *City and County of Honolulu v. Plews*, 55 Haw. 199 (1973), clearly rejects this argument since in that case despite the fact that a Master Plan and RLH 1945, Section 6638,[2] were in existence at the time of the subdivision, the court still held that there was an implied dedication of the roadway parcel in that case.

Defendant Manoa Investment Company, Inc. additionally argues that the principle of implied dedication of roadways expressed by our Supreme Court is applicable only to lands and maps of subdivisions which had been registered in the Land Court, and since the land which Mr. Yamamoto subdivided was an unregistered land and the subdivision map was recorded in the Office of the Registrar of Conveyances and not the Land Court, the principle of implied dedication is not applicable.

We find this contention without merit.

Granted, in the cases of *Ala Moana Gardens, et al., Yamaguchi, Plews* and *Boulevard Properties, supra,* all involved lands and maps of subdivisions which had been registered in the Land Court. But in deciding those cases nothing was said by our Supreme Court from which it can be implied or construed that the principle of implied dedication of roadways is restricted only to registered lands.

Finally, Defendant Manoa Investment Company, Inc. for the first time argues on appeal that the summary judgment with respect to the value of the property should not have been entered on the ground that not all of Parcel 19 sought to be acquired by Plaintiff City and County of Honolulu was required for public use and purposes. In going over the record, we find that this was not raised in the trial court below nor by the briefs in this case on appeal. The only reference below made thereto was in a motion by the defendant to vacate the order of possession on the ground that not all of Parcel 19 sought to be acquired by the plaintiff was required for public

---

[2] RLH 1945 § 6638 was later superseded by RLH 1955 § 149-185.

use and purpose, but the motion was withdrawn by the defendant with a stipulation that all of Parcel 19 was acquired for public use and purpose.

The general rule is that an appellate court will consider only such questions as were raised and properly preserved in the lower court. *In Re Guardianship of Matsuoka*, 45 Haw. 83 (1961). Where an issue not called to the attention of the trial court is raised for the first time on appeal, the appellate court, as a general rule, will not consider such issue, although the record may contain facts relating to such issue. *Bank of Hawaii v. Char*, 43 Haw. 223 (1958).

Accordingly, the Order Granting Motion for Summary Judgment is affirmed.

*Roy Y. Nihei (Vernon T. Tashima* with him on the brief) for defendant-appellant.

*Wesley F. Fong*, Deputy Corporation Counsel, City and County of Honolulu, for plaintiff-appellee.