CITY AND COUNTY OF HONOLULU, a municipal corporation, Plaintiff-Appellant, *v.* RICHARD QUAN YAU WONG and ESTHER AU WONG, individually and as Trustees for the children of said Richard Quan Yau Wong and Esther Au Wong, Defendants-Appellees

AND

CITY AND COUNTY OF HONOLULU, a municipal corporation, Plaintiff-Appellant, *v.* RICHARD QUAN YAU WONG and ESTHER AU WONG, individually and as Trustees as Joint Tenants under Trust Indenture recorded in Liber 3057, Defendants-Appellees, and JAMES TOKUO TAKATA, JULIA KIKUKAWA TAKATA, MANOA SHOPPING CENTER, INC., AETNA LIFE INSURANCE COMPANY, and SAFEWAY STORES, INC., Defendants

NO. 7042

JUNE 3, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This case involves the condemnation of a parcel of land for use as a street extension. In the court below, both sides filed motions for summary judgment posing the single issue of whether or not the parcel in question had been impliedly dedicated as a street by the owners' action and should therefore be considered to have nominal value only in the condemnation proceedings. The court entered an order reciting the facts and holding that the parcel had not been

impliedly dedicated. Thereafter, the parties, by stipulation, agreed as to the value of the parcel if it was not impliedly dedicated and this appeal followed.

We hold that under the facts of this case, the parcel was not impliedly dedicated and thus affirm the order below.

The parcel in question was part of a larger tract of land and was long ago designated on the General Plan as a part of the proposed Woodlawn Drive extension. A portion of the appellees' land was subdivided out as a residential subdivision called Manoa Acres, Unit I. Pursuant to ordinance, the subdivision maps showed the future street extension (which was outside the subdivision) using on one boundary thereof a dotted line. The subdivision was approved. Appellees also filed an application and appropriate maps for the subdivision of further portions of the lands which they owned under the name of Manoa Acres, Unit II. Originally, the application was for 118 lots, including lots 58 and 59 on the southeast border of the subject parcel. However, when the appellant insisted that appellees must put in the street improvements on the subject parcel or delete lots 58 and 59 from the subdivision, they deleted those lots so that the subject parcel along with lots 58 and 59 and the remainder of the appellees' property remained as an unsubdivided tract. Eventually, Manoa Acres, Unit II, in a greatly reduced size due to factors not here relevant, was approved. The maps for Unit II, like the maps for Unit I, showed the parcel in question as the proposed extension of Woodlawn Drive using the dotted line. The parcel was not, however, at that point, subdivided from appellees' remaining unsubdivided land.

Thereafter, the City offered to purchase the parcel for $65,000. Appellees agreed. Relying on that offer, they then subdivided the parcel out from the remainder of the tract and subdivided residential lots along it. The City, thereafter, changed its mind and brought this proceeding.

Commendably, the City does not contend that the subdivision made in reliance upon its offer, is any basis for an implied dedication. Obviously, if it did, there would be an estoppel asserted against it. Instead, it contends that the action of the appellees in designating the parcel in question as an extension of Woodlawn Drive in the subdivision maps filed in connection with the earlier applications was an implied dedication under the principles laid down in *In Re*

*Title of Yamaguchi,* 39 Haw. 608 (1952); *Territory v. Ala Moana Gardens, et al.,* 39 Haw. 517 (1952) and *City & County of Honolulu v. Plews,* 55 Haw. 199, 516 P.2d 1259 (1973). Also in point would be our own decision in *City & County v. Manoa Investment Co.,* 1 Haw. App. 52, 613 P.2d 662 (1980).

Basically, those cases hold that where the owner of a tract of land has subdivided it into smaller parcels and designated one of those parcels as a roadway or granted roadway easements over it so that the purchasers or lessees of the other subdivided parcels rely on the designation or easement in purchasing or leasing the properties, there is an implied dedication of the parcel as a roadway and on condemnation, it, therefore, will have only a nominal value.

The present case is entirely different. The parcel in question was not subdivided out from the appellees' remaining lands. Instead, in compliance with law, the appellees showed, on the subdivision maps, that the area was a future street as designated in the General Plan. The purchasers of the subdivided lots had access to their lots over streets within the particular subdivision, were not granted a roadway easement over the parcel in question and could not rely upon ever being able to use it as a roadway. Even if the appellees chose later to attempt to subdivide the future roadway parcel out, appellant might, as actually happened here at one point, refuse to accede thereto.

The City's ordinances require a subdivider to show on subdivision maps any general planned designated streets on adjacent lands. The fact that in subdividing adjacent lands, the appellees were required to conform to the ordinances is not enough to constitute a dedication. If the adjacent lands were owned by a stranger, no one could argue that there had been an implied dedication of the future street because it was shown on a subdivision map. The mere fact of common ownership is not enough to deprive the land owner of just compensation under our State Constitution.

On the facts shown here in support of the cross motions for summary judgment, there was no implied dedication of the parcel in question as a roadway. Accordingly, the judgment below is affirmed.

*Ronald B. Mun,* Deputy Corporation Counsel, for appellant.
*Herbert K. Tom* for appellees.