◼ In the Matter of GARRISON KING, Respondent, against BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Appellants.— Appeal from an order of the Supreme Court made in a proceeding under article 78 of the Civil Practice Act, which annulled a determination of respondents-appellants denying petitioner's application for a license to practice architecture without a written examination. Petitioner was graduated from the University of Minnesota where he received a degree of Bachelor of Architecture. He is eligible for a license upon passing a written examination pursuant to section 7304 (subds. 1, 2, par. a) of the Education Law. However, petitioner seeks a license without a written examination pursuant to section 7304 (subd. 2, par. c) of the Education Law, which provides: " Any architect who has lawfully practiced architecture for a period of more than ten years without the state may be granted a license upon passing a practical examination the character of which shall be determined by the board." Petitioner claims to have practiced

architecture outside the State of New York for approximately 13 years and 9 months in 8 other States and one foreign country. It appears to be without dispute that a license is a prerequisite to the practice of architecture and holding out to the public that one is an architect in those other States. Petitioner was only licensed in Texas where he practiced under a license for approximately two years. In other States he was employed by a licensed architect in such capacities as "architectural draftsman," "squad leader," and "architectural designer". Respondents-appellants contend that to constitute "lawfully practiced architecture" there must be practice under a license, in a State which requires a license, and hence petitioner has not lawfully practiced architecture outside the State for the required 10 years. The nub of petitioner's contention is that respondents-appellants are reading into the statute something which is not there, and that he could lawfully practice in the employ of and under the supervision of a licensed architect without being himself licensed. We think practice under a license is implicit in the words "lawfully practiced architecture" in States which require a license. The word "practice" alone connotes holding one's self out to the public as an architect and not merely doing work which has some connection with architecture in the employment of and under supervision by a licensed architect. We cannot agree with the premise upon which the court below largely based its decision — that subdivision 1 of section 7307 authorizes the practice of architecture without a license. It does not authorize the *practice* of architecture but merely authorizes the performance of certain specified types of work by persons other than architects, and authorizes employees of "those lawfully practicing as architects" to act "under the instruction, control or supervision of their employers". We think it was within the province of respondents-appellants to interpret the statute as they did. Order reversed on the law and the facts and the determination reinstated, with $10 costs. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.