The People, for use of State Board of Health,

*v.*

Blue Mountain Joe.

*Filed at Springfield June 15, 1889.*

1. Practice of medicine—*regulation thereof—constitutionality of act of 1887.* The powers vested by the statute in the State Board of Health do not fall within any limitation of the power of the legislature by either the State or Federal constitution. They would seem to fall clearly within the police power of the State.

2. Same—*purpose of the act—and what embraced therein.* The statute on this subject was passed to protect the health and promote the welfare of society, and protect it from imposition and fraud. Its purpose was to prohibit and punish fraud, deception, charlatanry and quackery in the practice of medicine, and prevent empiricism, and to bring the practice under such control, that, as far as possible, the ignorant and unscientific practitioner may be excluded.

3. Within the regulation of the practice of medicine necessarily falls the right to determine, or to provide means for determining, who may lawfully exercise the right to practice under the act, and to establish such rules as shall determine what shall not be regarded as legitimate practice of the profession.

4. The right to prescribe medicines for the cure of disease, and to administer them, falls clearly within the practice of medicine; and the regulation of the sale of drugs and nostrums by itinerant venders as clearly falls within the purpose of the act, as expressed in its title.

5. EVIDENCE—*competency—in prosecution under act to regulate the practice of medicine.* On the trial of an action of debt against one under section 11 of the act to regulate the practice of medicine, the plaintiff offered to show that the defendant had men traveling with him to make sales of his medicine; that he professed at his meetings that he could cure rheumatism, kidney disease, etc., by the use of his medicines, and that he sold his medicines for the cure of such diseases. On objection, the court refused to receive the evidence, and instructed the jury to find for the defendant: *Held*, that the proffered testimony was clearly competent, as tending to prove the defendant's guilt.

6. APPEAL—*in civil suit for a penalty—appeal by the People.* A suit brought under section 11 of the act of June 16, 1887, entitled "An act to regulate the practice of medicine in the State of Illinois," is a civil proceeding for the recovery of a penalty, and therefore an appeal lies in favor of the People from a judgment in favor of the defendant.

7. SAME—*validity of statute involved.* If the validity of a statute under which an action of debt is prosecuted for a penalty therein given, is involved, an appeal will lie from the final judgment of the trial court directly to this court.

8. On the trial of an unlicensed itinerant vender of nostrums, medicines, etc., in a prosecution under section 11 of the act of 1887, to regulate the practice of medicine, the trial court refused to permit any proof tending to sustain the action, on the ground that the section was unconstitutional and void: *Held*, that the validity of the statute was clearly involved, and therefore an appeal would lie from the trial court directly to this court.

9. TITLE OF AN ACT—*constitutional requirement.* If the subject of an act be expressed in the title in general terms, it will be sufficient, under the provisions of section 13, article 4, of the constitution, that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title."

10. The general purpose of the constitution in that regard is accomplished when the title is comprehensive enough to reasonably include as falling within that general subject, and as subordinate branches thereof, the several objects the statute assumes to effect.

11. SAME—*act of 1887 to regulate the practice of medicine.* The terms employed in the title of the act of 1887, "to regulate the practice of medicine in the State of Illinois," are sufficiently broad and comprehensive to include within its scope the entire range of practice of the medical profession, and section 11 thereof is a valid law.

APPEAL from the County Court of Clark county; the Hon. HENRY GASAWAY, Judge, presiding.

Mr. Newton Tibbs, for the appellant:

The court erred in refusing to admit the proposed evidence tending to show a violation of the act.

The court instructed the jury orally, on his own motion, to find for the defendant. This was in violation of the statute. 2 Starr & Curtis' Stat. p. 1814, sec. 53; *McEwen* v. *Morey*, 60 Ill. 32; *Railroad Co.* v. *Hammer*, 85 id. 526; *Bloomer* v. *Sherrill*, 11 id. 483; *Green* v. *Lewis*, 13 id. 642.

The court may inform the jury what facts will sustain the issue, but may not determine whether such facts have been established. The court is for the law, and the jury for the fact. *Hubner* v. *Feige*, 90 Ill. 208; *Caveny* v. *Weiller*, id. 158; *Crowley* v. *Crowley*, 80 id. 469.

The opinion of the court below, holding the act to regulate the practice of medicine in this State unconstitutional, was in direct conflict with the decision of the Supreme Court of this State in the case of *Williams* v. *People*, 121 Ill. 84.

The act to regulate the practice of medicine in this State is not in conflict with section 13, article 4, of the constitution, as embracing more than one subject. The general purpose of this provision is accomplished when the title is comprehensive enough to reasonably include as falling within that general subject, and as subordinate branches thereof, the several objects which the statute assumes to effect. It is sufficient that the act passed is fairly covered by its title. The constitution does not require that all the legal effect of an act shall be expressly stated in the title. Such a thing would be utterly impracticable. Where the act itself is clearly embraced in the title, as in this case, all legal consequences necessarily flowing from it, will, for the purposes of this constitutional requirement, be regarded as embraced within the title also.

That part of the act which provides, that "if any itinerant vender of any drug, nostrum, ointment, or appliance of any kind intended for the treatment of disease or injury, or who shall, by writing or printing, or any other method, profess to

cure or treat disease or deformity by any drug, nostrum, oint-
ment or manipulation," etc., is certainly germane to the title
of the act to regulate the practice of medicine. *Potwin* v.
*Johnson,* 108 Ill. 70; *Timm* v. *Harrison,* 109 id. 593; *Mix*
v. *Railroad Co.* 116 id. 508; *Blake* v. *People,* 109 id. 508.

Messrs. GOLDEN & HAMILL, for the appellee, entered a mo-
tion to dismiss the appeal.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

This was an action of debt, brought in the name of the
People of the State of Illinois, for the use of the State Board
of Health, against "Blue Mountain Joe," before a justice of
the peace, in Clark county. An appeal was taken from the
judgment of the justice of the peace to the county court of
that county, where a trial was had by jury, and resulted in a
verdict and judgment for the defendant. The plaintiff below
prosecutes this appeal from that judgment.

A motion was entered in this court to dismiss the appeal in
this cause upon the following grounds: First, from the record
it does not appear that a crime, a franchise, a freehold, or the
validity of a statute is involved, or that this court has juris-
diction; second, the appeal in this cause was improperly and
improvidently taken to the Supreme Court; third, this pro-
ceeding is in its nature criminal, being punishable by fine,
and comes within the spirit of the law forbidding appeals or
writs of error by the People, or the twice putting defendant in
jeopardy.

The suit is brought under the 11th section of the act of
June 16, 1887, in force July 1, 1887, entitled "An act to reg-
ulate the practice of medicine in the State of Illinois." The act
provides for the recovery of the penalty therein imposed, in an
action of debt, before any court of competent jurisdiction. It
is a civil proceeding for the recovery of a penalty, and no fur-

ther attention need be given the third ground upon which the motion is predicated.

By the 88th section of the Practice act, as amended in 1879, appeals from and writs of error to the circuit courts and county courts, in all criminal cases above the grade of misdemeanors, and in cases in which a franchise or freehold, or the validity of a statute, or the construction of the constitution is involved, and in all cases relating to revenue, or in which the State is interested as a party or otherwise, shall be taken directly to and prosecuted from the Supreme Court. It follows, therefore, if the validity of the statute under which this suit is brought is involved, the appeal was correctly prosecuted to this court. Some consideration of the record will be necessary to a determination of this question.

The facts are, substantially, that the defendant, with a band of music, and some Indians, either real or pretended, was in Marshall, in Clark county, some time in April, 1888, and was engaged in selling medicine, being then located in the Opera Hall. He left there and went to Terre Haute, Indiana, was gone about a month and returned to Marshall. Upon his return he located in a grove near the town, where he put up tents, consisting, as it was shown, of a medicine tent, a business tent, a cooking tent, and some seven or eight single tents used as sleeping apartments, and also a show tent, fenced with barbed wire, in front of which he erected seats and a stage; that he paraded the streets twice a day with his band of music and Indians, and gave free shows at night, consisting of music, singing, jokes, wire-walking and other performances; that after he got the crowd interested he would advertise his medicines,—tell what they were good for and what diseases they would cure. Distribution would then be made of the medicine to his aids, and they would carry it through the crowd for sale. They sold it in the audience anywhere, and to anybody who would buy.

Plaintiff offered to show that the defendant had men traveling with him to make sales of the medicine, and also to show that the defendant professed, at his meetings, that by the use of his various medicines he could cure rheumatism, kidney disease and other diseases, and also that he sold these medicines for the cure of such diseases,—to the proof of each of which matters counsel for defendant objected, and the court sustained the objection. It was shown that the defendant circulated advertisements of the remedies he was selling, one of which, in pamphlet form, was produced and shown to the witnesses, and identified, and is preserved in the record. Counsel for the plaintiff offered to read such pamphlet to the jury, having first shown it to be one of the advertisements of his remedies distributed by the defendant. Upon objection by the defendant, the court held the same incompetent. Indeed, the court refused to permit any proof to be made, upon the ground, as stated by the court, as is shown by the record, that the 11th section of the law was unconstitutional and void. The court instructed the jury to return a verdict for the defendant, which was done.

It was clearly competent, if the section of the statute under consideration is valid, to show the defendant was an itinerant vender of drugs, nostrums, ointments, or appliances of any kind "intended for the treatment of disease or injury." The question of whether he was such itinerant vender was a question of fact, to be determined by the jury in view of all the facts and circumstances proved. That the facts offered to be proved tended to establish the guilt of the defendant of the acts prohibited by this section of the statute, is unquestioned. It is apparent that the only theory upon which the action of the court can be sustained is, that the legislative enactment under consideration was void. The court so expressly held. It is equally clear, therefore, that the validity of this section of the statute is involved. We said in *Chaplain* v. *Highway Comrs.* 126 Ill. 264, that "where it can be

seen that the constitutional question raised is one which will be fairly regarded as debatable, we think the question of the validity of a statute becomes involved in the case, within the meaning of the statutes regulating jurisdiction of appeals."

From what has been said, it is apparent that to determine this case we must determine the validity of this statute. If the statute is void, the action of the court was right. If it is a valid law, such action was as clearly erroneous. It remains only to determine the question of the validity of the statute.

The section under consideration provides that "any itinerant vender of any drug, nostrum, ointment, or appliance of any kind intended for the treatment of disease or injury, * * * shall pay a license, to be collected by the State Board of Health, in the name of the People of the State of Illinois, for the use of said board," and makes provision for issuing a license by said board. The act then provides, that "any such itinerant vender who shall vend or sell any such drug, nostrum, ointment or appliance without having a license so to do, shall, if found guilty, be fined in any sum not less than $100 and not exceeding $200 for each offense, to be recovered in an action of debt," etc. It is not suggested that the power here sought to be exercised falls within any limitation upon the power of the legislature by either the State or Federal constitution. It would seem to fall clearly within the police power of the State. (*Williams* v. *The People*, 121 Ill. 84.) It is, however, insisted that the subject matter of this section is not embraced in the title of the act, and is therefore void, under the provisions of section 13 of article 4 of the State constitution, the first clause of which is as follows: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title."

It has been uniformly held by this court, that if the subject of the act be expressed in the title in general terms, it will be sufficient, under the provision of the constitution quoted. (*Johnson* v. *The People*, 83 Ill. 431; *Potwin* v. *Johnson*, 108

id. 70; *Timm* v. *Harrison*, 109 id. 593; *Mix* v. *Illinois Central
Railroad Co.* 116 id. 508; *Blake* v. *The People*, 109 id. 508.)
· "The general purpose of this provision of the constitution is
accomplished when the title is comprehensive enough to rea-
sonably include as falling within that general subject, and as
subordinate branches thereof, the several objects which the
statute assumes to effect." *Potwin* v. *Johnson*, 108 Ill. 70.
See, also, *The People* v. *Hazelwood*, 116 Ill. 319; *Johnson* v.
*The People*, 83 id. 431; *The People ex rel.* v. *Wright*, 70 id.
388; *Guild* v. *City of Chicago*, 82 id. 473. If, therefore, the
subject matter of the section under consideration is germane
to the general subject expressed in the title, or forms a sub-
ordinate branch or part of such general subject, it must be
held as embraced within the title of the act.

The title of the act is, "An act to regulate the practice of
medicine in the State of Illinois." To practice is to exercise
a calling or profession. It is the application of science or
knowledge to the wants of men in the recurring incidents of
life, as, in the practice of law or of medicine. (Webster.) The
practice of medicine includes the application of the knowledge
of medicine, of disease and of the laws of health. The terms
employed in the title of the act are sufficiently broad and
comprehensive to include within its scope the entire range of
practice of the medical profession. "To regulate" necessarily
means to establish certain rules and restrictions by which the
practice of medicine is to be governed in this State. To reg-
ulate is to adjust by rule, to subject to governing principles,
or to restrict within certain rules and limitations.

Within the regulation of the practice of medicine must nec-
essarily fall the right to determine, or to provide means for
the determination of, who may lawfully exercise the right to
practice medicine, and to establish such rules as shall deter-
mine what shall and what shall not be regarded as legitimate
practice of the profession. The statute was passed to protect
the health and promote the welfare of society, and to protect it

from imposition and fraud.    The purpose was to prohibit and punish fraud, deception, charlatanry and quackery in the practice of the profession of medicine,—to prevent empiricism, and bring the practice of medicine under such control that, as far as practicable, the ignorant and unscientific practitioner should be excluded.    The right to prescribe medicines for the cure of diseases, and to administer them, falls clearly within the practice of medicine; and the regulation of the sale of drugs and nostrums by itinerant venders as clearly falls within the purpose of the act, as expressed in its title.    Here, the defendant, traveling from place to place with a band of music, and collecting the people together, not only in his speeches, but by advertisements and pamphlets, was prescribing and vending remedies and nostrums for the cure of disease.    The symptoms of disease were set forth.    Ten different remedies, capable of curing substantially all of the ills to which the human family is subject, were extolled and prescribed, while certificates of marvelous cures by these remedies were displayed.    Not only do we think that the section of the Medical Practice act under consideration was not unconstitutional because the subject matter of it was not included within the title of the act, but the offered evidence clearly tended to show that the defendant had been guilty of violating its provisions. It follows, therefore, that the court erred in sustaining objection to the offered testimony, and in directing a verdict for the defendant.

The judgment of the county court is reversed, and the cause remanded to that court for further proceedings.

*Judgment reversed.*