No. 9278.

MORSE v. BREEN.

1. BOUNDARIES—*Courses, Distance and Quantities*, yield to monuments set in the original survey; but this rule affords no aid

in determining the section included in such boundaries.
2. Monuments—*Inscriptions Upon.* There is no apparent reason why markings on the corner stone of a survey should be of greater probative value than the notes or plates of the survey.

One corner of the land in controversy was marked by a monument on a township line, which was where the official plat showed it, and the topographical features of the land and the surrounding country agreed in all respects with the official plat. These circumstances held to justify the judgment below.

*Error to Rio Grande District Court, Hon. A. Watson Mc-Hendrie, Judge.*

*Department One.*

Mr. Jesse Stephenson, for plaintiffs in error.

Mr. Albert L. Moses, for defendant in error.

Opinion by Mr. Justice Teller:

This cause involves the location of a tract of land in Rio Grande County to which both parties make claim.

The controversy arose out of the following circumstances:

In 1885, one Church obtained a government patent, under the preemption law, for the southeast quarter of the southeast quarter of Section 33, Township 40 north, Range 3 east, and the north half and the southwest quarter of the northeast quarter of Section 4, in Township 39 north, in said Range 3. In 1899 he obtained patent, under the homestead law, for Lots 1 and 2 and the southwest quarter of the northeast quarter of Section 3, in said Township 39.

Later the title to both of these tracts passed to the defendant in error, who conveyed to one Clark the second described tract. Clark conveyed to plaintiff in error Morse, who soon afterwards learned that the location of the tract he had purchased was uncertain. Morse having later made claim to Tract 1, the defendant in error brought suit to quiet his title to it.

The court found that the Forestry Service had recently made a survey of Township 39, and a plat thereof, which showed that said township does not conform to the other

townships as it should, but that section 1 of township 39, instead of being under section 36 of township 40, lies under section 35 of township 40, so that between said township 39 and the township immediately east of it there is a vacant strip one mile in width and six miles in length, and each of the sections in township 39 is located one mile west of where it should be in order to conform to the corresponding sections in township 40 lying immediately north of it."

Tract 1, which lies immediately south of section 33, in township 40, contains sixty acres of cultivated land, and has been for years occupied as a farm.

Plaintiffs in error claim that this tract is in section 3, and is the land conveyed to them by Clark, basing this claim upon the alleged fact that the monuments on the ground set by the government surveyors sustain the survey and plat made by the Forestry Service, to which the court refers in its findings.

It is undisputed that there is a stone at the southwest corner of the section in which the cultivated land is situated, which is so marked as to show that it was intended for the southwest corner of section 3; and that there is a stone at the southeast corner of the section with two distinct marks on its east side, and five marks on the south side that can be traced. It appears, further, that there are several other corner stones in the township which are so marked as to indicate that the entire township is located one mile to the west of where it should be, unless mistakes were made in such markings.

The government plats, however, do not show any such situation, but place section 3, in township 39, under section 34, in township 40, as it should be according to the established system of surveys.

The field notes agree with the plats, and the topographical notes show physical features according to their location on the plats and contrary to their location, according to the said monuments.

The plaintiffs in error contend that the monuments on the ground control, while defendant in error insists that the land was patented according to the recorded plats, and that they must control.

The case presents a question upon which counsel produce no authority directly in point, and it must, therefore, be decided by the application of the general rules governing in cases of disputed boundaries.

It is elementary that courses, distances and quantities yield to monuments set in the original survey, and that, when such monuments are found, they establish the boundaries of the survey; this for the reason that they are better evidence of what the surveyor did than are plats or field notes. 9 C. J. 164; *Cragin v. Powell*, 128 U. S. 691, 32 L. Ed. 560, 9 Sup. Ct. 203; U. S. R. S., sec. 2396, sub. 2.

This rule applies, however, only in the location of lines run and marked, and affords no aid in determining the question of *what section* is included in such boundaries.

To hold that Section 3, owned by plaintiffs in error, lies immediately south of Section 33, in Township 40, because two corner stones on the south line of said section are marked to indicate that they are corners thereof, is to make the markings on the stones controlling as to the proper number of the section.

It is true that it appears from the map (Ex. 3), made by the Forestry Service, that there are other stones in the township so marked as to support the contention that the entire township is one mile west of where it should be, but that affects the quantity of evidence, not its value.

It is to be observed that there is here no dispute as to the boundaries of the land claimed by each of the parties, but as to the *number of the section* in which it lies.

There is no apparent reason why *markings* on the corner stones should be regarded as of greater probative value than the notes and plats. Both are of the nature of records and equally likely to mistake in the making.

From the map above mentioned it appears that at the

northeast corner of this section there is a monument with three marks on the east and three on the west side; and at the northwest corner there is a monument with four marks on the east and two on the west. These corners on the township line would be, then, the common corners, respectively, of Sections 3 and 4 of Township 39, and Sections 33 and 34 of Township 40, and Sections 4 and 5 of Township 39, and Sections 32 and 33 of Township 40. The first described corner is the northeast corner of the land in controversy.

The plat and field notes show Section 4 immediately south of Section 33, in Township 40, and locate the South Fork of the Rio Grande River on said Sections 4 and 33. The record shows that the land in controversy is bottom land on said stream.

Counsel for plaintiffs in error urge that a prospective buyer of the land would locate it by the monuments which show it to be in Section 3. But such showing is true only of the stones on the southern boundary of the section. The monuments on the north line, one of which is an actual corner of the land in dispute, show the land to be in Section 4, and these corner stones on the township line are regarded in government surveys as primary, while subdivision corners are secondary.

The reason that monuments are regarded as better evidence than field notes, or plats made from them, is that their existence may be determined by an inspection of the ground, while the notes are records of what was done.

Still, stones are liable to removal, and hence they are not as good evidence of the lines run as are physical objects used as monuments, or located on plats, such as streams, etc., which are permanent in their location.

Here we find one corner of the land in controversy marked by a monument on a township line which is where the plat shows it, and the topographical features of said land and of the surrounding country agree in all respects with the official plats and notes.

Under these circumstances, the trial court was, we think, justified in finding for the plaintiff in the action.

The judgment is accordingly affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.