## No. 10,789.

## BEAVER BROOK RESORT CO., ET AL. *v.* STEVENS.

Decided July 7, 1924.   Rehearing Denied November 10, 1924.

Action for damages.   Judgment for plaintiff.

### *Reversed.*

1. BOUNDARIES—*Lost Corners.*  To establish a lost corner, the government corners east, west, north, and south of it should be located if possible, and the true corner established by apportioning the distances between those points.

2. *Corners—Evidence.*  Corner stones being liable to removal are not as good evidence of lines as physical objects which are permanent in their location.

3. *Conflicting Evidence.*  Court held not justified in accepting the survey of a witness, in view of other competent evidence which the jury might have accepted, of a different location of a disputed line.

4. EVIDENCE—*Witnesses—Competency.*  Section 4696, C. L. '21, making it unlawful for any person to practice civil engineering without a license, has no application to the competency of such a person to testify as a witness concerning a boundary line.

5. WORDS AND PHRASES—*"To Practice a Profession,"* is to hold one's self out as following that profession as a calling and one's usual business.  The doing of a single professional act does not constitute practicing the profession.

6. DAMAGES—*Exemplary.*  In an action for damages for trespass, where there was a fair question as to the location of a boundary

line, and no evidence that defendants acted wilfully, wantonly or recklessly, the court was not justified in submitting to the jury the question of exemplary damages.

*Error to the District Court of Clear Creek County, Hon. Samuel W. Johnson, Judge.*

Mr. Guy D. Duncan, for plaintiffs in error.

Mr. Charles R. Bosworth, Mr. S. S. Abbott, for defendant in error.

*Department Three.*

Mr. Chief Justice Teller delivered the opinion of the court.

The parties to this litigation were owners of adjoining tracts of timber land in Clear Creek county. The defendant in error owned the north half of the northwest quarter of section 21, and the northeast quarter of the northeast quarter of section 20, all in township 4 south, range 72 west.

Plaintiff in error, The Beaver Brook Company, owned lands immediately south of this row of forties. Defendant in error had judgment in an action against the plaintiffs in error for damages alleged to have resulted from the cutting of timber on her property. The verdict was for $650, which included $150 exemplary damages. Judgment was entered on the verdict.

The question on which the right to damages turned was as to the south line of plaintiff's property, which was, of course, the north line of defendants' property. One of the errors assigned is the giving of instruction No. 2, by which the jury was informed that the line between the lands of the plaintiff and defendants, as established by the survey of one Barbour, is the true boundary line of the lands, and it was to be so considered.

It does not appear from the record that any undisputed monuments of the original government survey were found. It is conceded that the northwest corner of section 21 was

a point material to be established, from which the south
line of plaintiff's property could be located.  Barbour, who
made the survey adopted by the court, testified that at
the point which he established, and which the court ac-
cepted as that corner, he found no monument, but two
trees, one standing and one down, one marked "16" and
the other "17", were accepted by him as witness trees.
He testified further that he found on the ground, something
less than a mile east of this corner, a stone which he took
to indicate the northeast corner of the section.  He fur-
ther testified that he found the west quarter corner of 21,
the southeast corner, and the east quarter corner.  None
of these stones taken by Barbour as monuments appears
by his testimony to have been in place.  He testified that
he did not go west of the point selected as the northwest
corner of 21, or north of it, nor did he go south of it be-
yond the quarter corner.

The method of restoring lost corners is indicated in
*Westcott v. Craig*, 60 Colo. 42, 151 Pac. 934.  The rule is
one of apportionment; under it, to establish a lost corner
the surveyor should locate, if possible, government corners
east of it, west of it, north of it and south of it, and then
by apportioning the distance as found to be between these
points, the true corner will be established.

We regard the evidence of Barbour as wholly insufficient
to justify the court in holding that the south line of the
plaintiff's property as located by him was correct, even if
there were no evidence to the contrary.  The line as located
by Barbour and accepted by the court was admittedly sev-
eral hundred feet farther to the south than it would be
under the field notes which were in evidence.  The notes
give Beaver Brook's location, with reference to the south-
west corner of the section, at the point where it crosses
the west line, and if that point be as stated in the notes,
the south line of plaintiff's property has been carried by
Barbour much too far to the south.  Barbour testified that
he did not regard physical features mentioned in the notes
as material, where government corners contradicted the

notes. In this he was probably correct, but as applied to this case he is wrong. The west quarter corner, while properly marked, was not in place and so located as to make it controlling as against the reference to the brook. In *Morse v. Breen,* 66 Colo. 398, 182 Pac. 887, we said: "Stones are liable to removal, and hence they are not as good evidence of the lines run as are physical objects used as monuments, or located on plats, such as streams, etc., which are permanent in their location."

Barbour seems to have been satisfied with finding what he called the two bearing trees as fixing the location of the northwest corner of 21.

Moreover, the court was not justified in accepting the Barbour line in view of the fact that there was other competent evidence, which the jury might well have considered, showing that the northwest corner of 21 was a considerable distance to the west, and to the north, of the place where Barbour placed it. The testimony is that at that point there was a stone in place bearing the markings to show that it was the northwest corner of 21. The testimony as to this location of the corner was supported by testimony that there were blazed trees on lines running from it on the courses given in the field notes.

The court withdrew from the jury the testimony of one Furlong, who testified to a survey by him which carried the north line of 21 north, and the west line west, of where Barbour placed them. He found the corner above mentioned. The court held that inasmuch as Furlong was not a licensed surveyor he could not testify. The statute, which doubtless the court had in mind, is 4696, C. L. 1921 which makes it unlawful for any person "to practice or to offer to practice engineering or land surveying in this state, unless such person has been duly licensed under the provisions of this act." That statute has no application to this case.

The testimony of Furlong was that he had engaged in land surveying in Minnesota, that he, at the time of this survey, was a clerk in the post office, and that he made the survey for his father who was one of the owners of

the property. Such a survey is not practicing surveying. To practice a profession is to hold one's self out as following that profession as a calling, as one's usual business. *People v. Blue Mountain Joe,* 129 Ill. 370, 21 N. E. 923; *Jackson v. Hough,* 38 W. Va. 236, 18 S. E. 575. In the latter case it is held that one who acts as a broker in the selling of a single piece of property, not being engaged regularly in the business, does not require a broker's license. The court excluded the plat made by Furlong because he was not a licensed surveyor.

There are other instructions of the court to which objection is made which we need not consider. There is an objection to the allowance of exemplary damages, which, on the record before us, must be sustained. There was a fair question as to the location of this boundary line, and there is no evidence whatever that the defendants acted wilfully and wantonly or recklessly. The testimony is undisputed that they accepted the line pointed out to them by the former owner of the property.

There was nothing to justify a submission to the jury of the question of exemplary damages. For the reasons above stated, the judgment is reversed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.