JOSEPH G. K. WEE *v.* BOARD OF ACCOUNTANCY, STATE OF HAWAII, ET AL.

No. 4745.

MARCH 7, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE MASATO DOI ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by Joseph G. K. Wee from a circuit court judgment, which, upon a review of the record of the board of accountancy under R.L.H. 1955, 1965 Supp.,

§ 6C-14, affirmed the board's decision denying his application for a certified public accountant's certificate.

The question for decision on this appeal is whether appellant had the "public accounting experience" required of an applicant for the certificate.

Appellant stated the following as an additional question involved in this appeal: "Did the failure of the board to conform to the contested case provision under the Hawaii Administrative Procedures Act and commission of other irregularities require remand by the Circuit Court?" That question need not be considered, for our decision on the question stated above will render it moot.

R.L.H. 1955, § 164-7, requires that an applicant for a certified public accountant's certificate have, among other qualifications, the experience set forth in one of paragraphs (1) through (4) of subsection (c).

The experience set forth in paragraph (1) is three years of public accounting experience, of which two years must have been in the employ of a certified public accountant or a partnership of which not less than one-half of the partners are certified public accountants. In paragraph (2), it is four years of public accounting experience, of which one year must have been in the employ of a certified public accountant or a partnership of which not less than one-half of the partners are certified public accountants. Paragraph (3) specifies five years of public accounting experience, none of which was acquired in the employ of a certified public accountant or a partnership of certified public accountants. The requirement stated in paragraph (4) is five years of government accounting or auditing experience, three years of which must have been in post-auditing work.

Appellant had not been employed by a certified public accountant or a partnership of certified public accountants; nor had he ever been a government employee. So, he

did not qualify under paragraphs (1), (2), and (4). In the circumstance, he sought to qualify under paragraph (3).

Appellant filed three applications for the certificate. The application considered by the board and pertinent here was the one filed on May 17, 1961. At the time he filed that application, he had been in the employ of Hawaiian Trust Company, Limited, for more than five years, having been first employed there in May 1953. As an employee of the trust company he prepared estate reports, tax returns, mortgage insurance applications, and requests for advance rulings on profit-sharing plans, and did other work which involved the application of accounting knowledge and accounting procedures.

Upon the enactment of S.L.H. 1955, c. 259, now compiled in R.L.H. 1955, c. 164, appellant applied with the board for registration as a public accountant, and was so registered. This was done under the provision presently found in R.L.H. 1955, § 164-10(c), which mandated the board to register as a public accountant "Any person engaged in private accounting or auditing who has had not less than three years' experience in such work or in public accounting or both and whose experience is of such a character and for a length of time sufficient in the opinion of the board to be substantially equivalent to three years of public accounting experience," provided the application therefor was filed within the time limit set forth in the statute.

Appellant did all of his accounting work in the course of his employment with the trust company. The board held that such work was in the realm of private accounting and did not provide the public accounting experience required under § 164-7(c)(3). We concur in that holding.

Under § 164-7(c)(3), private accounting experience does not count as public accounting experience. That pro-

vision, unlike § 164-10(c), does not empower the board to credit private accounting experience as public accounting experience, even though the private accounting experience set forth in an application may be of such character as may well be deemed to be equivalent to public accounting experience.

Thus, the public accounting experience required of an applicant for certified public accountant's certificate, if not acquired in the employ of a certified public accountant or a partnership of certified public accountants, must be acquired in the practice of public accountancy. What is meant by practice of public accountancy is set forth in subsections (a) through (e) of § 164-1. Appellant contended before the board that his work at the trust company constituted practice of public accountancy as defined in subsections (b) and (d).

Under subsection (b), a person "Who maintains an office for the transaction of business as a public accountant; or who practices accounting, as distinguished from bookkeeping," is deemed to be engaged in the practice of public accountancy. Under subsection (d), a person is so deemed if he "prepares or certifies for clients reports of audits or examinations of books or records of account, balance sheets, and other financial, accounting and related schedules, exhibits, statements, or reports which are to be used for publication or for credit purposes, or for filing with a court of law or with any governmental agency, or for any other purpose."

With reference to subsection (b), appellant first argues that under the language quoted above, two classes of persons are deemed to be engaged in the practice of public accountancy, namely, those who maintain offices for the transaction of business as public accountants and those who practice accounting as distinguished from bookkeeping. He says that this is so because the disjunctive "or"

separates the phrase before the semicolon from the phrase after the semicolon. He then claims that he was engaged in the practice of public accountancy within the purview of the second phrase of the subsection during the time he was employed by the trust company because the work he did there was accounting and not bookkeeping.

We think that the language of subsection (b), properly construed in the context of the other provisions of § 164-1, refers to one class of persons, namely, those who maintain offices for the transaction of business as public accountants, *and,* in the transaction of their business, practice accounting, as distinguished from bookkeeping. Such construction requires the substitution of the word "and" for the word "or." This may be done in order to arrive at a reasonable construction. R.L.H. 1955, § 1-23 provides: "Each of the terms 'or' and 'and' has the meaning of the other or of both"; and § 1-18 provides that in construing ambiguous statutory language, the true meaning of ambiguous words may be ascertained by examining the context in which they are used.

However, even if appellant's construction of subsection (b) is accepted as being the proper construction, still his argument, as applied to appellant, is fallacious because it ignores the significance of the word "practice" in the phrase "practices accounting, as distinguished from bookkeeping."

Accountancy is a profession. A necessary element in the practice of a profession is a representation to the public that one is following the profession as his usual business. Another element is the rendition of professional services, as such, and not as an incidental part of some broader undertaking, to those who request them.

In *Beaver Brook Resort Co.* v. *Stevens,* 76 Colo. 131, 230 P. 121 (1924), it is stated that "To practice a profession is to hold one's self out as following that profession

as a calling, as one's usual business." In *Application of King,* 192 N.Y.S. 2d 669 (1959), a case involving the meaning of practice of architecture, the court stated that the word "practice" connoted "holding one's self out to the public as an architect and not merely doing work which has some connection with architecture in the employment of and under supervision by a licensed architect." Here, appellant never held himself out to the public as a person who engaged in accountancy as his usual business. The accounting work he did at the trust company was done as a part of the over-all contractual or fiduciary undertaking of his employer.

With reference to subsection (d), the board defined the term "clients," as used therein, to mean "personal clients of the person who prepares or certifies the financial papers enumerated therein," and concluded that appellant did not come within the purview of that subsection because he did not prepare any accounting documents for clients, as so defined.

The term "clients" is used not only in subsection (d) but also in subsections (c) and (e). In Webster's *New International Dictionary,* Second Edition (1951), it is stated that, in a loose sense, a client is a customer of any business establishment. In that sense, appellant did his accounting work for clients, the clients being the customers of the trust company. However, in Webster's *Third New International Dictionary* (1967), a client is defined more narrowly as a "person who engages the professional advice or service of another." We think that in the context of § 164-1, the term "clients" is used in this narrow sense, and refers to persons who engage the services of those who hold themselves out to the public as skilled practitioners of the profession of accountancy. Appellant made no claim before the board that he did any work for clients in this sense.

Affirmed.

*Ton Seek Pai* (*Okumura & Takushi* of counsel) for appellant.

*Roy M. Miyamoto,* Deputy Attorney General (*Bert T. Kobayashi,* Attorney General, with him on the brief), for appellees.