EVELYN KIMBALL, also known as Evelyn Hammond Kimball, Petitioner-Appellant, *v.* KUNITO SADAOKA, SHIRLEY T. OKINO, STATE OF HAWAII, Respondents-Appellees

NO. 5631

APRIL 1, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

The appellant had been convicted for unlawful possession of harmful drugs in the circuit court of the first circuit. She appealed her conviction to this court, and on November 10, 1972, we affirmed the judgment and sentence of the trial court. *State v. Kimball*, 54 Haw. 83, 503 P.2d 176 (1972). No petition for a rehearing was ever initiated by the appellant.

On August 10, 1973, she filed in the circuit court a petition for a writ of habeas corpus, alleging that she had been denied her constitutional right to effective counsel in her first appeal to this court. The trial court refused to issue its writ and

dismissed the appellant's petition. She has appealed from this order of dismissal.

The appellant's contention that she was deprived of effective assistance of counsel is premised upon the failure of her then counsel to raise in his written briefs the issue of whether "the complaint of the principal or other person in charge" of the school where she was arrested was an essential prerequisite to a valid arrest. In support of her position, she points to the following passage from the majority opinion in Kimball:

"Justice Abe in his dissenting opinion raises the following issue: A police officer cannot arrest an offender without a warrant of arrest if the officer had not, prior to the arrest, received 'a complaint by the principal or other person in charge.'

"The appellant's appeal, however, was premised strictly on constitutional grounds.

"Supreme Court Rule 3(b)(3) provides that questions not presented in appellant's brief on appeal will be disregarded." 54 Haw. at 91, 503 P.2d at 181.

While there is a serious question as to whether the appellant's petition for a writ of habeas corpus *addressed to the circuit court, and founded upon alleged ineffective assistance of counsel in a prior appeal to this court,* was the proper procedural device for her to utilize in this instance,[1] we are nevertheless satisfied that in her first appeal, *State v. Kimball, supra,* the appellant was not denied effective assistance of counsel. The record in that case shows that her then counsel did raise the question upon her motion to suppress. And despite his failure to present the issue in the briefs on appeal, he was nonetheless permitted to argue the point before this court.

Supreme Court Rule 3(b)(3) provides that questions not presented in the appellant's brief on appeal will be disregarded. It also provides, however, that this court, "at its option, may notice a plain error not presented." Counsel's

---

[1] We mention without deciding its applicability to this case that for good and sufficient cause shown "any mandate [of this court] that has been issued may be recalled." Hawaii Supreme Court Rule 10. *See also* HRS § 602-4.

oral argument on the question notwithstanding, and despite their awareness of the position taken by the dissenting justices on this particular issue, it is perfectly obvious that the majority of the court in *Kimball* did not consider it to be a decisive factor in the case. For whatever reason the passage now relied upon by the appellant may have found its way into the body of the majority opinion, the majority in *Kimball* nevertheless left no room for further argument on the ultimate issue when they expressly held:

"Notwithstanding the fact that a pre-empted ordinance is void and incapable of supporting a valid arrest, if the defendant's conduct is also violative of a similar state statute, the arrest may nevertheless be valid. That being the situation here, it is of no effect that the arresting officer had the ordinance in mind rather than the statute when effecting the arrest.[2] *The point of importance is that the facts and circumstances within the officer's knowledge afforded probable cause to arrest under either the ordinance or the statute*." 54 Haw. at 87, 503 P.2d at 179. (Emphasis added)

We agree. The statute in question provides in pertinent part as follows:

"Any person intruding, or loitering, or loafing, or idling, without proper authority upon the premises of any school, public or private, including any female boarding school, Kawailoa Girls' Home and school dormitories,

---

[2] Section 13-5.1 of the Revised Ordinances of Honolulu, which this court in *Kimball* held to have been preempted by the State statute provided as follows:

"No person shall go or remain upon, loiter around, in or upon or play or engage in any game in or upon any public school buildings or public school grounds, without lawful business or excuse for so doing."

In a recent case, the United States Supreme Court has held that "[i]f the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." United States v. Peltier, 95 S. Ct. 2313, 2320 (1975). At the time of the arrest in *Kimball*, this court had not yet decided that the statute had preempted the county ordinance. However, whether the *Peltier* principles are applicable to the *Kimball* situation, and whether, if applicable, this court should follow *Peltier* is not necessary for us to decide.

may be arrested by any police officer, without any warrant, and on the complaint of the principal or other person in charge of the school, or any trustee of the same." HRS § 727-24.

There is nothing in the language of the statute clearly abrogating the specific statutory authority of the police, under HRS Chapter 708, to make an arrest without a warrant when, based upon the officer's own knowledge and personal observation, there is probable cause for the arrest. To hold otherwise could lead to absurd and legislatively unintended results.[3] The use of the word "and" is not decisive. See HRS § 1-18. Cf. Wee v. Board of Accountancy, 51 Haw. 80, 452 P.2d 94 (1969). In construing the statute, upon the appellant's motion to suppress, the trial court properly held:

"Any person violating [HRS § 727-24] may be arrested by the police *either* on the policeman's own initiative *or* upon the complaint of the principal of the school." (Emphasis added)

This ruling was in conformity with legislative intent.[4] The order dismissing the appellant's petition for a writ of habeas corpus in the court below is affirmed.

*William S. Hunt (Brook Hart* with him on the briefs, *Hart, Leavitt & Hall,* of counsel) for petitioner-appellant.

---

[3] HRS § 708-3 (now HRS § 803-3) expressly provides that "[a]nyone in the act of committing a crime, may be arrested by any person present, without a warrant." This authority extends to misdemeanor offenses. House v. Ane, 56 Haw. 383, 538 P.2d 320 (1975). HRS § 708-5 (now HRS § 803-5) also provides that the police "may, without warrant, arrest and detain for examination such persons as may be found under such circumstances as justify a reasonable suspicion that they have committed or intend to commit an offense." Suppose, then, that a police officer patrolling in the vicinity of a school in the early morning hours finds a group of individuals, obviously without proper authority, encamped upon school premises. Must the officer stand helplessly by until the principal of the school can be located?

[4] In enacting H.B. 975 into law (Act 136, S.L.H. 1957), which added school premises to the areas of prohibition enumerated in Section 267-24, Revised Laws of Hawaii 1955, the Legislature stated, without any qualifications:

"The purpose of this bill is to provide that any person intruding, loitering, loafing, or idling, upon the premises of any school, public or private, including any female boarding school, Kawailoa girls' home, and school dormitories, may be arrested by a police officer without any warrant." 1957 House Journal, 873, Stand. Comm. Rep. 820.

*John Campbell, Jr.,* Deputy Attorney General *(Steven Guttman,* Deputy Attorney General, on the brief, *George Pai,* Attorney General, of counsel) for respondents-appellee.

CONCURRING OPINION OF KIDWELL, J.

The effect of the majority opinion in this case is to consider and resolve the question which Appellant's counsel failed to present in the first appeal. I agree with the majority's interpretation of HRS § 727-24. The only issue remaining is whether, before considering the question, this court should have afforded an opportunity for Appellant's appointed counsel to brief and argue Appellant's contentions, in order to provide Appellant with advocacy of her position equal to that which a nonindigent defendant enjoys. Here the argument for Appellant's interpretation of HRS § 727-24 was placed forcefully before this court by the dissent in *Kimball.* Under these circumstances, I consider that Appellant has not been deprived of the substance of her constitutional right to have the assistance of counsel for her defense under the rationale of *Anders v. California,* 386 U.S. 738 (1967), and *Entsminger v. Iowa,* 386 U.S. 748 (1967). I therefore concur in the disposition made of this appeal by the majority opinion.