JOHN WILSON ENTERPRISES, LTD., dba PALI KAI REALTORS, Plaintiff-Appellee, *v.* CARRIER TERMINAL SERVICE, INC., JED HENRIE and HAROLD R. TATE, Defendants-Appellants

NO. 6990

APRIL 23, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment below for plaintiff-appellee, a real estate brokerage firm, for real estate commissions, interest and expenses against defendants-appellants, the owner of a condominium apartment which it had listed with appellee for sale, and two of its officers.

The question presented is whether there was sufficient evidence to support the lower court's findings of fact (and the conclusions of law flowing therefrom) that appellee had procured a ready, willing and able buyer under the listing contract. We affirm.

The corporate appellant, Carrier, was a closely held Utah corporation. The Appellant Tate was its president and Appellant Henrie was its secretary-treasurer. Both were directors on its three-man board. Carrier owned apartment A-1-1 in the Puamana condominium at Lahaina, Maui. On August 19, 1974, after some preliminary exchanges it listed the apartment for sale at a 6% commission with appellee by a written listing agreement signed by Appellee Wilson. The agreement contained the phrase "Pers intv? L. O." which the court below found to be ambiguous. On August 23, 1974, appellee procured a prospective buyer, Elizabeth Pelinka, who executed a DROA. Because the buyer wanted to know immediately whether the offer was accepted, Wilson, the principal of appellee in the presence of Ricketts, a salesperson, telephoned Carrier and asked for Tate. He was informed that Tate was not available and was referred to Henrie with whom he had not previously dealt. According to the testimony, Henrie, on behalf of Carrier, accepted the offer

(which included the inventory of furnishings in the offering price) and said he would confirm by wire. Wilson immediately wrote to Carrier, transmitting the offer and the purchaser proceeded to deposit $25,000 in escrow by September 4 and the full purchase price by October 11, 1974. Appellants remained silent until November 4, 1974 when by letter Carrier purported, without specifying reasons, to reject the offer and cancel the listing contract.

Appellants contend that the inventory of furnishings was not intended to be sold; that the offer was therefore not in accord with the listing contract; and that the court below could not and did not find that Henrie had authority, express, implied or apparent, to accept the offer on Carrier's behalf.

It is axiomatic that where the listing contract, as in this case, requires only that the broker produce a ready, willing and able purchaser at the terms agreed upon, the broker's fee has been earned when such a purchaser is produced regardless of whether the principal accepts the offer. *Ikeoka v. Kong*, 47 Haw. 220, 386 P.2d 855 (1963); 12 Am. Jur.2d *Brokers* § 183 (1964).

The court below held that the listing contract was ambiguous as to the inclusion of the inventory at the listed price. It found that Henrie orally accepted the offer on behalf of Carrier.[1] There is no dispute that the purchaser was ready, willing and able to perform in accordance with the DROA. The court concluded that appellee had procured a ready, willing and able buyer and was therefore entitled to its commission.

Obviously, therefore, the court had concluded that Henrie's oral acceptance of the offer, which included the inventory, clarified the ambiguity. The steps by which the trial court reached its conclusion are therefore sufficiently disclosed by the findings to meet the requirements of Rule 52(a), Hawaii Rules of Civil Procedure. *Tugaeff v. Tugaeff*, 42 Haw. 455 (1958); *Shannon v. Murphy*, 49 Haw. 661, 426 P.2d 816 (1967); *Lopez v. Tavares*, 51 Haw. 94, 451 P.2d 804 (1969).

Appellant contends that there was no showing of Henrie's authority to indicate acceptance of the offer on behalf of Carrier. Corporations necessarily act through their officers. According to the

---

[1] The question whether Henrie's oral acceptance resulted in a legally binding contract for the sale of the condominium is not an issue in this case.

record, real estate investment is one of Carrier's business. The listing agreement was signed by a single officer, Tate. Carrier's long silence following Henrie's acceptance in view of his position with the company and all the circumstances of the case, is certainly substantial evidence of his authority, of the offer being in accord with the listing contract, and combined with the payment for the opening of escrow by appellee in reliance on his assent, of estoppel. It is apparent that the late-raised contention that the listing agreement did not include the inventory is a make-weight attempt to shore up Carrier's otherwise untenable and unconscionable position.

In these circumstances, we are not driven irrefragibly to the conclusion that the court below erred in its findings of fact, *Low v. Honolulu Rapid Transit,* 50 Haw. 582, 445 P.2d 372 (1968); *Wick Realty, Inc. v. Napili Sands Maui Corp.,* 1 Haw. App. 248, 620 P.2d 750 (1980); *Suesz v. St. Louis-Chaminade Education Center,* 1 Haw. App. 415, 619 P.2d 1104 (1980); *American Security Bank v. Read,* 1 Haw. App. 161, 616 P.2d 237 (1980), and in the conclusions of law which followed therefrom. Carrier's liability is therefore affirmed.

As to Tate and Henrie, while it is argued in the briefs that the findings and conclusions are inadequate to support a judgment against them individually, that contention is not raised in either the Questions Presented or the Points Relied Upon. A point will not ordinarily be considered unless properly raised under Rule 3(b), Rules of the Supreme Court. *Kang v. Harrington,* 59 Haw. 652, 656, 587 P.2d 285, 288 (1978); *Kimball v. Sadaoka,* 56 Haw. 675, 676, 548 P.2d 268, 270 (1976); *State v. Kimball,* 54 Haw. 83, 91, 503 P.2d 176, 181 (1972); *Rodrigues v. State,* 52 Haw. 283, 284, 472 P.2d 509, 523 (1970). We see no reason, in the circumstances of this case to depart from that Rule.

Affirmed.

*Nelson Christensen* for defendants-appellants.

*Everett Walton (B. Martin Luna* on the brief, *Ueoka & Luna* of counsel) for plaintiff-appellee.