RUSSELL BLOUDELL and CHARLOTTE BLOUDELL, Plaintiffs-Appellants, v. WAILUKU SUGAR COMPANY, a Hawaii corporation, Defendant-Appellee

NO. 8474

(CIVIL NO. 4064)

SEPTEMBER 1, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Plaintiffs Russell Bloudell and Charlotte Bloudell (Bloudells) appeal from a judgment entered in favor of defendant Wailuku Sugar Company (WSC). The appeal raises two questions: (1) Was the jury's verdict supported by substantial evidence, and (2) Did the court err in declining to exclude witness Richard T. Hill (Hill) from the courtroom prior to his testifying? We answer yes and no and affirm.

On the morning of March 3, 1977, Bloudells were proceeding by automobile in an easterly direction on Kuihelani High-

way towards Kahului airport on the island of Maui to catch a plane. On that same morning, WSC was burning sugar cane as part of its harvesting operations on Field No. 98 which abutted the north side of the highway. WSC had placed signs and flagmen on the highway at both ends of the harvesting operation to warn drivers of the burning and the resultant smoke, which was being blown onto the highway and hampering visibility.

On the morning in question, Patrick Fernandez (Fernandez) was driving a trailer truck and also traveling towards Kahului on the Kuihelani Highway. As Fernandez approached the burning cane, he observed the warning signs and a flagman but proceeded on through the smoke. Bloudells came upon the burning area soon after Fernandez passed the warning signs. They slowed down but also proceeded into the smoke.

After entering the smoke, Bloudells experienced difficulty in seeing and subsequently collided with the rear of Fernandez' truck. Mr. Bloudell, his daughter Kathleen Bloudell, and passengers Gordon and Sherrill Sheaves sustained injuries.

On March 1, 1979, Bloudells filed suit[1] against WSC, Fernandez, and General Construction Company (General), Fernandez' employer. Mr. Bloudell sued for damages resulting from his injuries and Mrs. Bloudell sued for loss of consortium. WSC answered and cross-claimed against Fernandez and General. Fernandez and General answered and cross-claimed against WSC. On August 28, 1980, a stipulation was entered consolidating this action with an action filed by Bloudells' passengers against Bloudell, WSC, and General.[2]

Jury trial commenced on April 13, 1981, and on April 20, 1981, the jury returned a special verdict which found WSC not negligent.

Judgment was entered on May 18, 1981. However, the clerk

[1] Kathleen Bloudell is not a party to this action.

[2] *Sheaves, et al. v. Wailuku Sugar Company, et al.*, Second Circuit Civil No. 4062. *See* n.5, *infra,* regarding the disposition of various claims in the consolidated action.

failed to send a notice of the entry of judgment to the parties.[3] On June 19, 1981, Bloudells filed a motion for new trial under Rule 59, Hawaii Rules of Civil Procedure (HRCP) (1972, as amended), or in the alternative, for an extension of time to file a notice of appeal under Rule 73(a) (1980).[4]

After hearing, the court, citing Rule 60(b)(6), HRCP, vacated the judgment on the grounds of the clerk's failure to give notice of the entry of judgment and the fact that the judgment was inadvertently signed by a judge other than the trial judge. A new judgment was entered on July 21, 1981, and Bloudells filed their notice of appeal on August 5, 1981.[5]

I.

Before discussing the merits of Bloudells' appeal, we must deal with the question of precisely what they are appealing.

The record indicates that at trial Bloudells proceeded on a

---

[3] Rule 77(d), Hawaii Rules of Civil Procedure (1972, as amended), provides:

Notice of Orders or Judgments. Immediately upon entry of a judgment, or an order for which notice of entry is required by these rules, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of a judgment or order is required by these rules. In addition, immediately upon entry, the party presenting the judgment or order shall serve a copy thereof in the manner provided in Rule 5. Lack of notice of the entry by the clerk, or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a).

[4] Bloudells' motion for new trial was not timely under Rule 59, HRCP, which requires such a motion to be served within 10 days after entry of judgment. Bloudells' motion was served by mail 31 days after entry of judgment.

At the hearing below, WSC also argued that the alternative motion for extension of time to file notice of appeal was untimely, because it was filed after the expiration of the initial 30-day period for filing a notice of appeal. However, the issue is not raised on appeal.

[5] We question whether the court's 60(b)(6) action was proper, since the general rule is that it is an abuse of discretion to set aside a judgment under 60(b)(6) where the sole basis for doing so is the fact that notice of judgment had not been received. *Hensley v. Cheasapeake and Ohio Railway Co.,* 651 F.2d 226 (4th Cir. 1981); *Kramer v. American Postal Workers Union, AFL-CIO,* 556 F.2d 929 (9th Cir. 1977); *In re Morrow,* 502 F.2d 520 (5th Cir. 1974). Although the court below included the additional ground of

simple negligence theory and at the conclusion of the evidence attempted to have the court direct a verdict on the matter of liability, taking that issue from the jury.[6] In their opening brief, however, Bloudells argue that WSC was "negligent as a matter of law": first, because it knew its cane burning would create an

---

the judgment being signed by another judge, we do not think that adds any weight to the order.

On May 11, 1981, a stipulation was filed which was intended to dismiss all complaints, counterclaims, and cross-claims of all parties except for the claims of Bloudells against WSC. At the time the stipulation was filed, it was not signed by Bloudells' attorney as required by Rule 41(a)(1)(B), HRCP. Therefore, Bloudells' claim against Fernandez and General was not dismissed. Thus, the judgment of May 18, 1981, was not a final judgment since it did not dispose of "all claims of all parties." However, on July 21, 1981, a second stipulation was filed which dismissed Bloudells' complaint against Fernandez and General. All the parties signed this last stipulation. The judgment of July 21, 1981, coupled with the stipulation of dismissal filed the same day made final disposition so as to provide a basis for this appeal.

[6] At the close of the evidence below, the transcript indicates the following statement by Bloudells' counsel:

MR. SHIMABUKURO: May it please the court, in response to [defense] counsel's first two motions relating to nuisance and the strict liability, we have not included evidence on nuisance in our pre-trial statement, and we abandoned that count so far as public nuisance is concerned. The issue of strict liability on hazardous activity, we don't abandon it but we will not object to the court's rule on that without argument on our part. We are pursuing essentially the negligence count.

\* \* \*

(Transcript at 526-27.)

The court ruled as follows:

THE COURT: I will grant a directed verdict on the strict liability count. I will deny the motion for directed verdict on the negligence count, and I will deny the motion for directed verdict against the plaintiff and for the defendant.

(Transcript at 527.)

Subsequently, the following took place regarding Bloudells' attempt to attach negligence to WSC "as a matter of law":

MR. SHIMABUKURO: May it please the court, on behalf of the plaintiffs Mr. and Mrs. Bloudell, I'd like to move for directed verdict on the issue of liability, and that the court direct a verdict against Wailuku Sugar Company for — on the issue of liability.

\* \* \*

THE COURT: I think your arguments are inappropriate in a jurisdiction which is in comparative negligence, your motion is denied. You wanted that motion the last time you were here.

(Transcript at 528.)

unreasonable risk of harm to motorists on the highway, second, given its knowledge, WSC failed to stop all traffic on the highway, and, consequently, the jury's verdict must be overturned.

We are not certain just what Bloudells mean when they argue that WSC was "negligent as a matter of law." They could be arguing either that WSC was "negligent *per se*"[7] or that the evidence was so clear that the question of WSC's negligence was actually a question of law for the trial court's determination.[8]

However, the question of WSC's liability "as a matter of law" under either concept is not an issue in this appeal because it is not raised in accordance with Rule 3(b), Rules of the

---

[7] "Negligence as a matter of law," also known as "negligence *per se*," 57 Am. Jur. 2d *Negligence* § 9 (1971); *Hershberger v. Brooker,* ___ Ind. App. ___, 421 N.E.2d 672 (1981), occurs where an act or omission is contrary to a statutory duty, *Richey & Gilbert Co. v. Northwestern Natural Gas Corp.,* 16 Wash. 2d 631, 134 P.2d 444 (1943); *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1951); *Garrett v. Royal Brothers Co., Inc.,* 225 Ga. 533, 170 S.E.2d 294 (1969); 57 Am. Jur. 2d *Negligence* § 9 (1971), or is so opposed to the dictates of common prudence that it can be said without hesitation or doubt that no careful person would have committed it, 57 Am. Jur. 2d *Negligence* § 9 (1971). *See also* Prosser, *Law of Torts* § 36 (1971). Bloudells could have intended their argument to stand for either proposition.

However, Bloudells did not allege in the trial court any violation of a statutory duty and we will not address that question if in fact they are now attempting to raise it. *City and County of Honolulu v. Manoa Investment Co.,* 1 Haw. App. 52, 613 P.2d 662 (1980). If Bloudells are contending that the action taken by WSC was contrary to the dictates of common prudence then they should have raised as error either the trial court's denial of their motion for directed verdict or the failure of the trial court to instruct the jury as to their contention. They have not done either.

[8] Negligence is normally and primarily a factual question left to the jury's determination, *except where the evidence is such that it can reasonably lead only to one* conclusion. *See De Los Santos v. State,* 65 Haw. 608, 655 P.2d 869 (1982); *Johnson v. Robert's Hawaii Tour, Inc.,* 4 Haw. App. 175, 664 P.2d 262 (1983); 57 Am. Jur. 2d *Negligence* § 9 (1971). Where the only conclusion that can be drawn from the facts and inferences therefrom is that defendant was negligent in law or "negligent as a matter of law," the trial court should withdraw the case from the jury and direct a verdict. 57 Am. Jur. 2d *Negligence* § 9 (1971). *See De Los Santos v. State, supra;* and *Johnson v. Robert's Hawaii Tour, Inc., supra.*

If they intended this meaning they, again, have not raised as error either the granting of WSC's motion for directed verdict or the denial of their motion for directed verdict.

Supreme Court of the State of Hawaii (RSC) (1980, as amended).[9]

To properly raise those issues here, Bloudells were required in their opening brief to cite either the order granting WSC's motion or the order denying their motion for directed verdict as a question on appeal under Rule 3(b)(3), RSC, and as a point of error under Rule 3(b)(5), RSC.[10] Error by the trial court will not ordinarily be considered unless properly raised under Rule 3(b). *Kang v. Harrington,* 59 Haw. 652, 587 P.2d 285 (1978); *Kimball v. Sadaoka,* 56 Haw. 675, 548 P.2d 268 (1976); *Mahoney v. Mitchell,* 4 Haw. App. 410, 668 P.2d 35 (1983); *John Wilson Enterprises, Ltd. v. Carrier Terminal Service,* 2 Haw. App. 128, 672 P.2d 294 (1981). We see no reason to depart from the rule.

Consequently, we construe Bloudells' argument simply as an assertion that the jury's verdict must be overturned and confine ourselves solely to the issue of whether the jury's verdict is supported by substantial evidence.

---

[9] The pertinent subsections of Rule 3(b) (1980, as amended) read as follows:
Rule 3. BRIEFS.

\* \* \*

(b) Opening Brief. Within 60 days after the filing of the record on appeal, the appellant shall file an opening brief, containing in the order here indicated:

\* \* \*

(3) A short and concise statement of the question or questions presented for decision, set forth in the most general terms possible. The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein. Questions not presented according to this paragraph will be disregarded. The court at its option, may notice a plain error not presented.

\* \* \*

(5) A concise statement of the points on which appellant intends to rely, set forth in separate, numbered paragraphs. Each point shall refer to the alleged error upon which appellant intends to rely and shall show the manner in which it is raised, with a reference to the record where the same may be found. . . .

[10] At oral argument, Bloudells' counsel did contend that they raised as error the trial court's granting of WSC's motion for directed verdict on the issue of strict liability. However, as stated above, the issue is not properly raised in accordance with Rule 3(b), RSC.

When the question of negligence has been presented to the jury for its determination, an appellate court will not disturb an otherwise proper jury verdict if it is supported by substantial evidence. *Adair v. Hustace,* 64 Haw. 314, 640 P.2d 294 (1982); *Ashford v. Thomas Cook & Son (Bankers), Ltd.,* 52 Haw. 113, 471 P.2d 530 (1970); *Striker v. Nakamura,* 50 Haw. 590, 446 P.2d 35 (1968). Substantial evidence is defined as credible evidence which is of sufficient quantity and probative value to justify a reasonable person in reaching a conclusion. *In re Charley's Tour & Transportation, Inc.,* 55 Haw. 463, 522 P.2d 1272 (1974).

Our review of the record indicates that there was substantial evidence to support the jury's verdict.

## II.

We find no error by the court in refusing to exclude the witness Hill from the courtroom.

Rule 615, Hawaii Rules of Evidence (HRE) (effective January 1, 1981), dealing with the exclusion of witnesses, states:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown

by a party to be essential to the presentation of his cause. The rule, which is identical to Rule 615, Federal Rules of Evidence (FRE), is a codification of the long established practice of sequestering witnesses to discourage or expose fabrication, inaccuracy and collusion. *See* commentary to Rule 615, HRE; *Government of Virgin Islands v. Edinborough,* 625 F.2d 472 (3rd Cir. 1980). Additionally, the rule seeks to prevent the possibility of one witness shaping his testimony to match that given by other witnesses at trial. J. Weinstein & M. Berger, 3 *Weinstein's Evidence* (hereinafter *Weinstein's Evidence*) ¶ 615[01], p. 615-4 (1982).

The mandatory language of Rule 615, HRE, as well as the federal rule, has been interpreted as requiring the exclusion of

all witnesses who do not fit within its exceptions. *See* commentary to Rule 615, HRE; *Government of Virgin Islands v. Edinborough, supra; United States v. Warren,* 578 F.2d 1058 (5th Cir. 1978), *reh'g denied, in part, reserved, in part,* 586 F.2d 608, *reh'g granted,* 589 F.2d 254. However, although the exclusion is generally a matter of right, the trial judge retains a measure of discretion in the application of the rule's exceptions. *Government of Virgin Islands v. Edinborough, supra; Cooper v. United States,* 594 F.2d 12 (4th Cir. 1979); 3 *Weinstein's Evidence* ¶ 615[01] at 615-10-11. An appellate court will not overturn the court's action unless an abuse of that discretion is shown. *State v. Estencion,* 63 Haw. 264, 625 P.2d 1040 (1981); *State v. Iaukea,* 56 Haw. 343, 537 P.2d 724 (1975); *Johnson v. Robert's Hawaii Tour, Inc.,* 4 Haw. App. 175, 664 P.2d 262 (1983); *State v. Chong,* 3 Haw. App. 246, 648 P.2d 1112 (1982). Appellant has the burden of showing that the trial court's decision clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant, *Friedrich v. Department of Transportation,* 60 Haw. 32, 586 P.2d 1037 (1978); *Johnson v. Robert's Hawaii Tour, Inc., supra; Scotella v. Osgood,* 4 Haw. App. 20, 659 P.2d 73 (1983); *Clarkin v. Reimann,* 2 Haw. App. 618, 638 P.2d 857 (1981), and a strong showing is required. *State v. Estencion, supra.*

We are concerned here only with the exception relating to a witness whose presence is shown by a party to be essential.[11] The kinds of witnesses contemplated by this exception include agents who have handled the transaction being litigated, or experts needed to advise counsel in the management of the litigation. Advisory Committee's Notes on Rule 615, FRE.

Under this exception to the rule, the court faces the question of whether a witness' presence is essential to the presentation of a party's cause. Normally, all witnesses provide

---

[11] WSC argued below that Hill was its designated representative under the second exception of Rule 615. However, at the time of trial, Hill was no longer employed by WSC, and we think the exception was inapplicable. *See Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa,* 699 F.2d 240 (1983).

essential testimony or evidence. However, the exception requires that the witness have such specialized expertise or intimate knowledge of the facts of the case that a party's counsel could not effectively function without the presence and aid of that witness or a showing that the witness would be unable to present essential testimony without hearing the trial testimony of the other witnesses. *Oliver B. Cannon & Son, Inc. v. Fidelity & Casualty Co.,* 519 F. Supp. 668 (D. Del 1981).

The record shows that Hill had previously been the general superintendent for all of WSC. He was the overall supervisor of the burning operation on the day of the accident and was directly involved in the safety procedures that were used. His direct knowledge of the day's events are enough to bring him within the rule's exception.

We hold that the court did not abuse its discretion in denying Bloudells' motion, since Hill's presence was justified as "essential to the presentation of [WSC's] cause."

The fact that the court did not indicate any reason for denying Bloudells' motion to exclude Hill is of no import since an appellate court will not disturb a trial court's correct decision, even though the reason given for it is erroneous, if there is any basis for upholding it, *Agsalud v. Lee,* 66 Haw. 425, 664 P.2d 734 (1983); *Keawe v. Hawaiian Electric Co.,* 65 Haw. 232, 649 P.2d 1149 (1982); *Clarkin v. Reimann, supra.*

Affirmed.

*Herbert K. Shimabukuro,* ( *Stanley M. Morishige* with him on the briefs; *Nishimura, Lee & Shimabukuro* of counsel) for plaintiffs-appellants.

*George W. Playdon, Jr., (Ashley K. Fenton* with him on the brief; *Davis & Playdon* of counsel) for defendant-appellee.