699 F.2d 240
 12 Fed. R. Evid. Serv. 798
 MARATHON PIPE LINE COMPANY, Plaintiff-Appellee Cross-Appellant,
v.
DRILLING RIG ROWAN/ODESSA, Rowan Companies, Inc.,
Defendants-Appellants,
v.
Tug El Zorro Grande, et al., Defendants-Appellees,
Sun Oil Company, et al., Defendants-Appellees, Cross-Appellants.
 No. 81-3779.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 28, 1983.
 
 Adams & Reese, James E. Blazek, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ernest A. Carrere, Jr., James E. Wright, III, New Orleans, La., for defendants-appellants.
 Montgomery, Barnett, Brown & Read, Henry J. Read, New Orleans, La., for Marathon Pipe Line.
 Bienvenu, Foster, Ryan & O'Bannon, P. Albert Bienvenu, Jr., New Orleans, La., for Sun Oil and Sun Gas.
 Phelps, Dunbar, Marks, Claverie & Sims, Richard N. Dicharry, George W. Healy, III, New Orleans, La., for Twenty Grand Offshore, Inc. and Tidewater Marine Towing, Inc.
 Liskow & Lewis, Charles M. Steen, New Orleans, La., for John E. Chance & Associates, Inc.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before JOHNSON, WILLIAMS and JOLLY, Circuit Judges.
 PER CURIAM:
 
 
 1
 We AFFIRM on the basis of the opinion of the district court, 527 F.Supp. 824, with the additional finding which follows.
 
 
 2
 The district court did not discuss in its opinion an issue which has been raised by the Rowan Companies in its appeal. At the outset of the trial the district court ordered the sequestration of the witnesses, including Mr. Robert G. McCary, who was the person placed in charge of the moving of the drilling rig Rowan/Odessa. Mr. McCary was allowed to remain in the courtroom only after his testimony. Rowan now claims that Mr. McCary was its "designated representative" and, therefore, could not be excluded from the courtroom under Rule 615, Fed.R.Evid.
 
 
 3
 For any one of three reasons we find that the district court must be affirmed on its sequestration ruling. First, while the record makes it clear that the Rowan Companies stated Mr. McCary was their "representative" before the court placed him under the general order of sequestration, no objection nor claim of violation of the Constitution or laws or of Rule 615, Fed.R.Evid., was lodged by the Rowan Companies. There was not the slightest indication given that Rowan in any way disapproved of the ruling of the trial judge at that time or at any other time while this case was pending in the district court. This, undoubtedly, is why the district court did not refer to this matter in its opinion.
 
 
 4
 While it is true that Rule 46 of the Fed.R.Civ.P. does not require formal exceptions to rulings or orders of the court, that rule requires that the party must make known "to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor." After the objection to McCary's presence was made by another party, Rowan did not make known to the court any action which it desired the court to take. Nor did it object to the action of the court. Reading the record, there is no way that the court could have concluded that Rowan wished to make an issue of its action or disagreed with it in the slightest degree.
 
 
 5
 Second, on the face of the record McCary was not an employee of the Rowan Companies, Inc., the party to the proceedings. McCary testified on the stand that he was an employee, apparently, of a separate corporation, Rowan International. Rule 615, Fed.R.Evid., requires that to be excepted from sequestration the representative must be "an officer or employee of a party which is not a natural person...." Nothing in the record shows what the relationship was between the Rowan Companies and Rowan International, nor does it show that McCary actually was an employee of the Rowan Companies, Inc. The record does not establish that the Rowan Companies were entitled to claim McCary as their representative under Rule 615.
 
 
 6
 Third, even assuming that the district court committed error in sequestering Mr. McCary, there was not the slightest reference to the effect of this sequestration throughout the entire record. The Rowan Companies make no showing that the ruling was prejudicial, and prejudice must be shown to justify reversal. As this Court held in United States v. Warren, 578 F.2d 1058, 1076 (5th Cir.1978) (en banc), the failure to sequester government witnesses, while clearly error, does not require reversal even in a criminal case without proof of prejudice.
 
 
 7
 We find that defendant Rowan Companies, Inc. have not established as a successful ground for appeal the sequestration of Mr. McCary from the courtroom until he was called as a witness.
 
 
 8
 AFFIRMED.